IDA WERFEL, Plaintiff, *v.* ZIVNOSTENSKA BANKA, Defendant.

Supreme Court, Special Term, New York County, May 22, 1940.

*Moss, Marcus & Gardener* [*Jacob Chaitkin* of counsel], for the plaintiff.

*Lewis H. Saper*, for the defendant.

PECORA, J.   Prior to March 11, 1938, plaintiff was a citizen and resident of Austria.   On that date she left for Czechoslovakia. While in the latter country she obtained permission to emigrate to the United States, and arrived here in October, 1938.   She has lived here since and has taken out her first papers for citizenship in this country.

In May, 1938, plaintiff paid to the defendant bank in the city of Prague, Czechoslovakia, 200,000 Czech crowns, to which were added 20,000 Czech crowns in August, 1938, for the purpose of having the same transferred to her sons in New York.   Before her departure for the United States, defendant bank paid part of this money to plaintiff in foreign exchange, leaving a balance of 170,500 Czech crowns yet to be transferred.

Plaintiff sues in this action to recover the sum of $5,848.15, with interest from March 15, 1939, which is claimed to be the

equivalent of 170,500 Czech crowns. A warrant of attachment was obtained in March, 1939, pursuant to which a bank account of defendant in the Chase National Bank was levied upon.

At the time of the deposit with defendant bank, there was in force a decree which the government of Czechoslovakia had promulgated, which required the permission of the National Bank of Czechoslovakia for withdrawals out of bank accounts by non-residents within or without the country. The moneys which required permission for repayment are termed " blocked " debts or accounts.

On or about March 15, 1939, the military forces of Germany invaded and occupied Czechoslovakia under circumstances which have become a matter of history.

Upon these cross-motions for summary judgment, it is contended by defendant that plaintiff cannot assert any claim until a demand has been made upon, and refused by, the defendant bank; and unless permission of the National Bank of Czechoslovakia is obtained to transfer the Czech crowns to a foreign country. Even though the United States has not recognized German sovereignty over Czechoslovakia, there is no gainsaying the fact of complete occupation and control of that land by Germany's armed forces. The futility of a demand by plaintiff on a bank controlled by the German authorities is immediately obvious. In fact, the National Bank of Czechoslovakia, whose consent was required in foreign exchange transactions by virtue of the decree above mentioned, has ceased to exist. A new bank, called " National Bank of Bohemia and Moravia," has been created by the Germans. There is no necessity for discussing the law of Czechoslovakia here, even though it seems that if that law were applied plaintiff must succeed. It is utterly beyond question that the debt is owing to plaintiff. In *Sokoloff* v. *National City Bank* (250 N. Y. 69, 80) the court said, " Whatever demand the law may require in ordinary business transactions before an action can be maintained for the recovery of money must likewise yield to sense and to reason."

Common sense and sound reason dictate that a requirement of consent or permission for the withdrawal of the amount deposited by plaintiff is wholly inequitable. Courts will not insist upon the impossible to enforce a just claim. Fortunately, plaintiff has been able to attach funds in this country which belonged to the debtor bank. To deny her the relief she now seeks would not only be a stark injustice to her, but would result in no one getting the funds who would be properly entitled to them.

Plaintiff's motion for summary judgment is granted. Defendant's motion is denied. Submit order.