## IDA WERFEL, Appellant, *v.* ZIVNOSTENSKA BANKA, Respondent.

Argued May 23, 1941; decided November 27, 1941.

· *Jacob Chaitkin, Bernard J. Gardener* and *Sidney Brodman* for appellant.

*Lewis H. Saper* for respondent. The affidavits for summary judgment must be based upon the facts pleaded in the complaint. (*Curry* v. *Mackenzie,* 239 N. Y. 267; *Lonsky* v. *Bank of United States,* 220 App. Div. 194; *T·dewater Oil Sales Corp.* v. *Pierce,* 213 App. Div. 796; *Burns* v. *Lopez,* 256 N. Y. 123; *Levine* v. *Behn,* 169 Misc. Rep. 601.)

*Francis M. Shea, Assistant Attorney-General,* for United States of America, *amicus curiæ.*

*Per Curiam.*   The defendant is not entitled to summary judgment.   Where on a motion for summary judgment the record as submitted by both parties reveals the existence of conflicting issues of fact which can only be resolved by a trial, summary judgment should not be granted.   Upon such a motion the decisive consideration is the existence of conflicting issues of fact rather than the sufficiency of the pleadings considered without the supporting affidavits. (*Curry* v. *Mackenzie*, 239 N. Y. 267, 272.)

Among the issues to be tried are the terms of the contract; what is the foreign law which either party claims to be applicable and in what respect may such law have been rendered inoperative by reason of events happening subsequent to the making of the contract.

The judgments should be reversed and the motions denied, with costs in all courts to appellant to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.