MAX VAN DER VEEN, Plaintiff, *v.* AMSTERDAMSCHE BANK, Defendant.

Supreme Court, Special Term, New York County, June 22, 1942.

*Ambrose E. Chambers*, for the plaintiff.

*Hatch, McLean & Root*, for the defendant.

*Sullivan & Cromwell* [*Allen W. Dulles* and *Philip L. Miller* of counsel], as *amicus curiæ* for the State of the Netherlands.

SHIENTAG, J. This is a motion by plaintiff for summary judgment. The plaintiff concedes that defendant's version of the facts is correct, and takes the position that on the basis of those facts he is entitled to summary judgment.

In April, 1940, the sum of $42,500 was deposited with Brown Brothers Harriman & Co. in New York for the plaintiff's account, plaintiff then residing in Amsterdam, Holland. This money represented the proceeds of a Pennsylvania estate inherited by the plaintiff. One-half of this money was transmitted to the plaintiff at once and the remaining $21,250, which is the subject of this action, was left with Brown Brothers pending further instructions. Plaintiff then asked the manager of the defendant Amsterdamsche Bank, with whom he did business, what was the best way to keep this money out of German hands in the event anything happened in Holland. Following the defendant's advice, on April 26, 1940, plaintiff caused the money held by Brown Brothers to be credited to the defendant's account and advised the defendant to hold it subject to plaintiff's instructions. On April 30, 1940, the defendant opened a dollar account for plaintiff on the bank's books in Holland and the parties agreed that on demand by plaintiff upon defendant at Amsterdam the defendant would, at its option, either pay to plaintiff the equivalent in Dutch currency of the $21,250 deposited in New York or place at plaintiff's disposal the deposit with Brown Brothers, or transfer to plaintiff defendant's claim against Brown Brothers.

Plaintiff succeeded in escaping from Holland prior to May 15, 1940, and upon his arrival in New York he communicated with Brown Brothers to secure the release of the $21,250. On July 22, 1940, which was after the Germans had overrun the low countries and France, Brown Brothers wrote to the defendant and requested instructions. Receiving no answer, Brown Brothers cabled on November 1, 1940, asking authorization to make the transfer. Defendant replied by cable that a license was refused. The German authorities forbade payments by Dutch banking corporations on any dollar account without the consent of a body known as the Exchange Institute, and this body refused to grant a license in this case.

Plaintiff instituted this action by attaching a credit of $23,000 standing in the defendant's name on the books of Brown Brothers Harriman & Co. and serving the defendant by publication. Thereafter defendant appeared specially and moved to vacate the warrant of attachment. This motion was denied and the order was affirmed on appeal by the Appellate Division, First Department. (262 App. Div. 989.) The defendant then appeared generally and served its answer.

The complaint states two causes of action — one for money had and received against the defendant and one for money had and received against Brown Brothers on the ground that the Amsterdamsche Bank failed to follow plaintiff's instructions to deposit the money in the plaintiff's name. Plaintiff has conceded that the facts set forth in the second cause of action are incorrect, and it has not attempted to serve Brown Brothers, thus abandoning this cause of action.

On the basis of the undisputed facts set forth above plaintiff is entitled to judgment under one of two theories. He can sue under the contract set forth above for the $21,250 deposited with Brown Brothers in defendant's name or he can treat the contract as breached by the defendant and seek rescission and restitution of the deposit with Brown Brothers.

It is important to note at the outset that the $21,250 deposited with Brown Brothers was admittedly held in the name of the defendant for the benefit of the plaintiff. This deposit in defendant's name has always been maintained and constitutes a *res* within this jurisdiction upon the basis of which this court can impose a trust or give other relief. Thus, this case is one where a deposit in this jurisdiction served as the basis of a credit established abroad and upon the failure of the credit abroad the owner of the deposit is seeking to recover it. (Cf. *Sokoloff* v. *National City Bank*, 239 N. Y. 158; 250 id. 69.) It is quite dissimilar from a case involving a deposit abroad where the *res* is under the jurisdiction and laws of the State in which it is located. (Cf. *Werfel* v. *Zivnostenska Banka*, 174 Misc. 67; revd., 260 App. Div. 747; revd., 287 N. Y. 91. See *Feuchtwanger* v. *Central Hanover Bank & T. Co.*, 27 N. Y. Supp. [2d] 518, 522.)

Defendant contends that plaintiff has failed to make a demand for payments as required by its contract and that, therefore, there was no default by the defendant. It further argues that under its contract it had an option to perform in one of three ways and it cannot be deprived of that option.

The demand which plaintiff was required to make under its contract with the defendant had to be made in Holland. The

letter and cable sent to the defendant by Brown Brothers, acting for the plaintiff, satisfied that condition in the contract. There was no requirement that the demand must be made in Holland in person, and it was clear to the defendant from the letter and cable that Brown Brothers were acting for the plaintiff in seeking authority to make the transfer. But even if the letter and cable did not constitute demands, plaintiff did not have to make an impossible and useless demand in order to mature his rights under the contract. (*Sokoloff* v. *National City Bank*, 250 N. Y. 69, 80.) If plaintiff, after escaping from the Germans, had returned to Holland to make a demand he would have been shot or placed in a concentration camp, and the enemies of Holland most certainly would have confiscated any credit to his account in that country. Under these circumstances no demand was necessary to mature plaintiff's rights. Defendant's argument that the defendant could have made a demand and that it could have established a credit for him in Holland is unrealistic. The refusal of the enemy invaders to countenance the transfer of the account with Brown Brothers is a good example of their attitude and methods. Such a transfer would not necessitate any foreign exchange transactions. The only purposes of the German government in refusing a "license" must have been vindictiveness and the hope that at some time in the future they could use the deposit with Brown Brothers for their own advantage.

Defendant does not claim that the Dutch law prevents this court from giving the plaintiff relief. It only claims that it is not permitted by the occupying authorities to pay or transfer funds out of Holland. A memorandum is submitted for the State of the Netherlands, as *amicus curiæ*, urging that the acts of the occupying enemy in Holland cannot be recognized as legal and binding. This is undoubtedly true in light of the fact that this government recognizes and is the ally of the Netherlands government in exile. (See *Matter of Banque de France* v. *Supreme Court*, 287 N. Y. 483, 489.)

While the defense of *force majeure* could be interposed by defendant as an excuse for not performing under its contract in Holland, it is defendant's duty to perform in whatever way is left open to it. Two of the three methods of performance open to defendant under its contract can be carried out in this country entirely free from any restraint. Defendant can place the deposit with Brown Brothers at plaintiff's disposal, or it can transfer to plaintiff its claim against Brown Brothers. Plaintiff could, therefore, maintain an action under the contract for the defendant's failure to perform, and his damage would be the amount of the deposit.

Plaintiff has chosen instead to rescind the contract which defendant has breached and seeks restitution of the money " paid by the plaintiff for which no equivalent has been received." (*Sokoloff* v. *National City Bank*, 239 N. Y. 158, 171.) It is admitted that the $21,250 deposit was for plaintiff's benefit, and, therefore, the " duty to refund moneys which in justice ought not to be kept rests on broad conceptions of equity." (See *Herlihy* v. *Independence State Bank*, 261 N. Y. 309, 315.) The plaintiff claims no profits in excess of his investment, and if the plaintiff may be held to have enjoyed some benefits from the defendant through the protection of his money, " the defendant's intermediate use of his money without interest must be. held to be a full equivalent." (*Sokoloff* v. *National City Bank*, 239 N. Y. 158, 171.)

Defendant's only ground for complaint is that it is deprived of its option to pay in Holland in guilders at the rate of exchange prevailing at the time of payment. But there is no showing that defendant would, in fact, gain by exercising this option, and it cannot be assumed that this mode of payment is more beneficial to defendant than the other two modes provided for in the contract which would give the plaintiff exactly what he will receive by way of restitution. Defendant cannot set up such a defense to require plaintiff to wait for his money indefinitely.

Since defendant was rendered unable to acknowledge its obligation by the restrictions imposed upon it by the German invaders, interest will be allowed only from March 13, 1941, the date when plaintiff treated defendant's failure to act as a breach of the contract and began his proceedings.

The fact that plaintiff may be required to secure a license from the Treasury Department in order to secure payment of the money owed to him in no way prevents this court from adjudicating liability and entering judgment. (*Sabl* v. *Laenderbank Wien Aktiengesellschaft*, 30 N. Y. Supp. [2d] 608, 621.) Incidentally, it should be noted that the State of the Netherlands, which has appeared on this motion as *amicus curiæ*, has thus far asserted no claim to the deposit in controversy.

Since there is no triable issue of fact, and defendant has no valid defense, the plaintiff is entitled to summary judgment. Settle order.