JOSEPH BERCHOLZ, Plaintiff, *v.* GUARANTY TRUST COMPANY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, March 2, 1943.

*Leon & Weile* for plaintiff.

*Davis Polk Wardwell Sunderland & Kiendl* for defendant.

KOCH, J. This is a renewal of an application for summary judgment. The action is in replevin to recover certain securities which plaintiff bought through the Paris branch of the Guaranty Trust Company of New York. The original motion for summary judgment was denied without prejudice to renewal in the event that the parties to the action could stipulate the facts necessary to a determination of the issues. Thereafter the parties entered into a stipulation which is the basis of this renewal of the original application. The germane portions of this stipulation follow:

" 3. For the purposes of this motion only, the plaintiff admits all of the allegations contained in Paragraphs IV, V,

VI, VIII and X; provided that the words ' subject to the laws and regulations hereinabove mentioned ' in said Paragraph VIII are to be construed as meaning only that the plaintiff was subject to the said laws and regulations according to their terms, and this admission by plaintiff is not an admission by him that the said laws and regulations are of any effect with respect to the securities here in suit, which are and at all times here involved have been located in New York.

" 4. The plaintiff does not concede that any of the said decrees, laws and regulations has any legal effect with respect to the said securities located in New York.

" 5. If judgment be granted in plaintiff's favor upon this motion, such judgment shall be limited to the securities and shall not include any dividends received thereon, and such judgment shall be subject to the procurement of a license under Executive Order No. 8389 as amended.

" 6. The only issue remaining to be determined upon this motion is whether the said decrees, laws and regulations are to be given effect with respect to the said securities located in New York."

The decision upon the original motion comprehended a stipulation of *all* the facts necessary to a determination of the issues. That decision states:

" The parties differ only as to the legal effect of the French decrees.

" This court cannot take judicial notice of the existence of the French decrees or the provisions thereof. Foreign law is a fact which must be proved and until proved it is impossible for this court to determine the legal effect thereof."

Under the pleadings in this action, therefore, a stipulation was required which would enlighten the court as to the applicable provisions of the foreign law. The stipulation submitted does not meet this specification. In the stipulation, the plaintiff concedes that he was subject to the laws and regulations of France dealing with the securities in question at the time he ordered said securities repatriated, but he further stipulates that this particular concession means only that he was subject to the said laws and regulations " according to their terms." Yet, what the terms of these laws and regulations are is not fully disclosed to the court either in the stipulation or in the papers submitted upon this application. If, by the phrase " according to their terms," the plaintiff means according to the terms of said laws and regulations as summarized in the answer, the difficulty is encountered that such summary also

does not fully disclose to the court what those laws and regulations are. Paragraph V of the answer summarizes certain allegedly pertinent laws and decrees as follows:

" (a) a provision whereby persons domiciled in France were required to report foreign-held securities to a French governmental tax agency and to pay an income tax of 36 percent of the income received thereon; (b) a provision whereby persons owning such foreign-held securities were accorded a lower rate of tax, namely, 27 percent, upon income on foreign-held securities upon causing such securities, although still left abroad, to be placed in the name of an officially approved bank in France, such placement being deemed a ' repatriation ' of the securities and securities so held being described as held in ' Depot Special; ' (c) provisions officially approving of certain specified banks in France, including the branches of the defendant in France, as banks authorized to carry repatriated securities in ' Depot Special,' and requiring such banks to report all securities so placed in their names, to withhold the said 27 percent tax from all income received upon such securities, and to pay such withheld taxes to the appropriate revenue department of the French government; * * * and (e) provisions enacted in September, 1939, in furtherance of the then war effort against Germany and binding upon approved banks carrying such repatriated securities in ' Depot Special ' as well as upon the beneficial owners of such securities, whereby the exportation or expatriation of securities, by re-transfer of repatriated securities into the names of the beneficial owners or otherwise, was prohibited unless authorized by· the French Exchange Office, the agency of the French Government in charge of matters affecting foreign exchange and foreign-held securities."

From the above summary, it may well be deduced that the decrees and laws there set forth were designed not only with an eye by the French government to the war effort, but also as measures calculated to conserve and control foreign exchange in the interest of the general national welfare. It can hardly be disputed that the French government, at the time of the alleged repatriation of the securities, had the right to make laws respecting securities held in foreign lands by its own nationals, where such laws were in the interest of the national welfare. (See *Anderson* v. *N. V. Transandine Handelmaatschappij*, 289 N. Y. 9.) What these laws are in detail is not shown by the stipulation. And the " terms " thereof are not made known to the court in the stipulation, but are only sum-·

marized in the answer. On a trial, defendant may be able to produce the full text of the applicable laws and introduce evidence of attorneys familiar with said laws to aid the court in the interpretation thereof. The question as to what the foreign law is, therefore, still remains, and should be left to the trial court.

Nor has the plaintiff demonstrated to the satisfaction of the court the respect in which the foreign law has been rendered inoperative by reason of the German invasion of France. (*Werfel* v. *Zivnostenska Banka,* 287 N. Y. 91, 93.) On the showing made by the papers submitted herein, the foreign law would appear to be applicable even though it be assumed that diplomatic relations between this country and Vichy France have been severed. (*Salimoff & Co.* v. *Standard Oil Co.,* 262 N. Y 220, 228.) If the laws of the foreign State are not forbidden by our Constitution they are valid. (*United States* v. *Insurance Companies,* 22 Wall. 99, 101.)

Issues remain, therefore, as to what the foreign law is.

As heretofore stated, also, an issue remains as to the respect in which such foreign laws may have been rendered inoperative by reason of events happening subsequent to the execution of the transaction in question.

Motion for summary judgment is denied.