GLADYS F. CHAPPELL, Plaintiff, *v.* ERNEST E. CHAPPELL, Defendant.

Supreme Court, Special Term, New York County, December 17, 1945.

*Ralph H. Wiener* for plaintiff.

*Stuart N. Updike* and *John J. Macchis* for defendant.

KOCH, J. Plaintiff, a resident of the State of New Jersey, moves for summary judgment under rule 113 of the Rules of Civil Practice and to strike out certain defenses pursuant to rule 109. Defendant cross-moves for an order dismissing the complaint under rule 113 of the Rules of Civil Practice and in the alternative for a stay of all proceedings pending the deter-

mination of an undecided application to modify an existing divorce decree entered in the courts of New Jersey in a prior action between these parties.

The complaint sets up a cause of action seeking a recovery under an agreement between the parties, former spouses, whereby defendant undertook to provide for plaintiff and their children. Although not alleged in the complaint subsequent to the making of the agreement plaintiff obtained a decree of divorce. The decree in that action contains all the pertinent provisions of the agreement and provides that the same " be filed and made a record of this suit ", i.e., the divorce action tried in New Jersey and in connection with which the proceeding pleaded in the answer is now pending. The agreement is not expressly incorporated by reference in the decree. The answer consists of a denial of that allegation of the complaint setting forth the amount claimed and incorporates two defenses, first a merger of the agreement into the decree and second the existence of the aforesaid proceedings in New Jersey, which will adjudicate the rights of the parties.

On the motion for judgment dismissing the complaint it is urged that under the law of New Jersey, as recently interpreted by the courts of that State, the right to modify divorce decrees exists as to unpaid arrearages of alimony (*Duffy* v. *Duffy*, 19 N. J. Mis. Rep. 332). As pointed out in *Rossi* v. *Rossi* (187 Misc. 543, 546, affd. 269 App. Div. 821 [1st Dept., June, 1945]) " There are general statements among the New Jersey authorities that alimony remains subject to judicial control and modification [citing New Jersey cases]." It follows therefore that if there has been a merger no cause of action exists because the basis thereof, the decree, is subject to modification and as was said in *Rossi* v. *Rossi* (*supra,* p. 546) " no action can be maintained therefor in this State until the amount of arrears is definitely fixed by the New Jersey court." Plaintiff conversely argues that the separation agreement stands by itself and that suit thereon may be maintained without considering the decree or any applications pending in connection with it. To grant judgment dismissing the complaint it would therefore have to be determined on this motion that the agreement has merged in the decree.

It becomes necessary therefore to consider the defense of merger.

Conflicting affidavits are submitted as to the law of New Jersey on this point. Foreign law is considered as a factual matter in our courts. Accordingly there is an issue which can only be

determined at a trial as to whether or not there was such a merger. The provisions of section 344-a of the Civil Practice Act permitting our courts to take judicial notice of the law of foreign jurisdictions in no way changes such a situation when there is an issue as to what is the law of the foreign jurisdiction. Further it appears that plaintiff in her brief makes the point that merger is always a matter of intention, citing Corpus Juris (vol. 40, pp. 649, 650) and *Shreve* v. *Harvey* (74 N. J. Eq. 336). If such be the law of New Jersey an additional issue exists.

For the purposes of this motion it is held therefore (1) that the defendant's motion for summary judgment dismissing the complaint is denied because if it be determined at the trial that no merger took place a good cause of action is stated in the complaint; (2) that plaintiff's motions (a) for summary judgment and (b) to dismiss the defense of merger, are denied because the defense of merger if proved is a complete bar to plaintiff's recovery on the present complaint and an issue exists as to this defense.

So much of the motion which seeks to strike the defense is granted. The provision in subdivision 3 of rule 109 of the Rules of Civil Practice refers only to other actions pending in this jurisdiction (*Squier.* v. *Houghton*, 131 Misc. 129).

There remains for disposition that part of the cross motion seeking a stay. If no merger occurred no stay should issue, because the determination of the proceeding in New Jersey can have no effect on the action based on the agreement. On the other hand, if it should develop at a trial that the merger defense is proven no cause of action exists on the agreement. Under such circumstances the application for a stay is denied since there is no need therefor.