Sᴜʟᴠɪᴀ Sᴄʜᴡᴀʀᴛᴢ, Plaintiff, *v.* Sᴀᴜʟ Sᴄʜᴡᴀʀᴛᴢ, Defendant.

Supreme Court, Special Term, Kings County, October 10, 1947.

758

*Bogart & Lonergan* for plaintiff.

*Morris Horowitz* for defendant.

POWERS, J.  Plaintiff moves for summary judgment in an action predicated upon an Arizona judgment for a sum of money recovered in an action for separate maintenance and counsel fees.

Plaintiff instituted an action in the Superior Court of the State of Arizona, County of Pima, against her husband, the defendant herein, for a divorce, alimony and counsel fees.  The defendant was served with the summons in that action and appeared by attorneys Nolan L. McLean, Esq., and later by Sidney Weissberger, Esq.  The action was defended on the merits and after a trial the court found that plaintiff had not been domiciled in Pima County, Arizona, for the requisite period of time and dismissed plaintiff's action.  About a month thereafter the Arizona court permitted plaintiff to amend her complaint from one for divorce to one for separate maintenance and counsel fees and granted plaintiff a money judgment for such separate maintenance.

In opposing plaintiff's motion defendant urges that the Arizona court was without power to grant an amendment of the complaint permitting an entirely new and different action to be pleaded after the action for divorce had been dismissed

for lack of jurisdiction; further, that the judgment in such action was granted without any defense being interposed or without any trial being had. The defendant also urges that if it be found that defendant's Arizona attorney appeared in the action for separate maintenance that such appearance was without authority. Defendant contends further that by reason of the above, the Arizona judgment is void for lack of jurisdiction of the person and subject matter and that the court's failure to grant defendant a trial in the action for separate maintenance violates the due process clause of the Constitution of the United States.

In my opinion, the foregoing averments present triable issues of fact which can be determined only after a trial. Whether the Arizona court had the power to amend the complaint and grant a judgment upon an entirely new cause of action after the complaint for divorce had been dismissed would appear to rest upon a careful presentation and interpretation of all the relevant facts pertaining to such amendment, also the pertinent foreign law with respect thereto. Such foreign law is considered a factual matter in our courts and summary judgment will be denied where the parties present issues as to such law (*Werfel* v. *Zivnostenska Banka,* 287 N. Y. 91; *Bercholz* v. *Guaranty Trust Co. of N. Y.,* 179 Misc. 778; Civ. Prac. Act, § 391). Nor do the provisions of section 344-a of the Civil Practice Act permitting our courts to take judicial notice of the law of foreign jurisdictions change the situation where there is an issue as to the law of such foreign jurisdiction (*Chappell* v. *Chappell,* 186 Misc. 968).

Defendant also alleges that the judgment of the Arizona court was obtained upon an appearance by an attorney which was unauthorized and, in consequence, the judgment is void for want of jurisdiction over the person. While ordinarily our court will not permit a judgment to be attacked collaterally, it will permit a defendant in an action brought upon a foreign judgment to plead want of authority in the attorney, defensively and collaterally, and this has been held not to be inconsistent with the constitutional obligations of the full faith and credit clause (*Kerr* v. *Kerr,* 41 N. Y. 272; *Prichard* v. *Sigafus,* 103 App. Div. 535; *White* v. *Glover,* 138 App. Div. 797; *Vilas* v. *Plattsburgh & Montreal R. R. Co.,* 123 N. Y. 440). In the latter case the court said at p. 455: " It is well settled that, in an action brought in our courts on a judgment of a court of a sister state, the jurisdiction of the court to render the judgment may be assailed by proof that the defendant was not served and did not appear

in the action, or where an appearance was entered by an attorney, that the appearance was unauthorized, and this even where the proof directly contradicts the record. (*Starbuck* v. *Murray,* 5 Wend. 148; *Shumway* v. *Stillman,* 6 id. 447; *Kerr* v. *Kerr,* 41 N. Y. 278; RAPALLO, J., *Ferguson* v. *Crawford,* 70 id. 257.) The same rule is held elsewhere, and is not inconsistent with the constitutional obligation under the Constitution of the United States that full faith and credit shall be given in each state to the judgments of other states. (*Gilman* v. *Gilman,* 126 Mass. 26; *Wright* v. *Andrews,* 130 id. 149; *Thompson* v. *Whitman,* 18 Wall. 457; *Knowles* v. *Gas Light & C. Co.,* 19 id. 58.) "

Plaintiff's motion for summary judgment is denied.