In the Matter of the Estate of FANNY HIRSCH, Deceased.

Surrogate's Court, New York County, July 1, 1952.

*Paul Simon* and *Hugo Emmerich,* in person, for Hugo Emmerich, as ancillary administrator *c. t. a.* of Fanny Hirsch, deceased, petitioner.

*Morgan Burke* for Nederlandsche Handel-Maatschappij, N. V., respondent.

COLLINS, S. This is an application by the ancillary administrator *c. t. a.* to compel delivery of the sum of $952.03, the balance in an account which deceased had opened with Nederlandsche Handel-Maatschappij, N. V., in the year 1940. There is no dispute as to the facts in connection with the transaction but the respondent, the New York Agency of Nederlandsche opposes the application upon the ground that the court is without jurisdiction to direct delivery.

The contention of the defendant is wholly lacking in substance. Section 205 of the Surrogate's Court Act empowers the Surrogate to enforce collection of the claim as was pointed out

by Surrogate FOLEY in *Matter of Jacobsen* (178 Misc. 479, 481, 484) where he said: "There is complete jurisdiction in this court under the applicable statutes and the more recent decisions of the Court of Appeals to compel the delivery of moneys in a bank account in the name of the decedent to the administrator, executor or other legal representative of the estate. There is, moreover, full and complete power and authority to determine the ownership of the fund as between the representative of the estate and a claimant to the same account. (*Matter of Akin*, 248 N. Y. 202; *Matter of Raymond* v. *Davis*, Id. 67; *Matter of Wilson*, 252 id. 155.) \* \* \* In the present proceeding the specific funds at the date of death were and now are in the name of the decedent. The recovery of the specific amount of the deposit and not any award of damages against the bank is involved. These moneys on deposit are specific property within the proper scope of sections 205 and 206, Surrogate's Court Act."

It is conceded that the account opened by deceased was held by the Amsterdam Bank in an account with the New York Trust Company to the credit of the respondent agency. Upon these facts, the court is empowered to direct delivery of the funds to the petitioner. (*Matter of Jacobsen, supra*; *Matter of Kahn*, 179 Misc. 939; *Van der Veen* v. *Amsterdamsche Bank*, 178 Misc. 668.) In the case last cited the subject matter of the action was a dollar account identical with that involved in this case. Mr Justice SHIENTAG there granted a motion for summary judgment despite defenses similar to that interposed by respondent in this proceeding.

The application is granted. Submit decree on notice.