Fbaüstk Del Vecchio, J.
Plaintiff seeks to hold defendant liable as indorser on a note in the sum of $1,000 executed by Eobert E. Nelson, president of Eobin Construction Corp., on May 11, 1955 payable, without interest, 10 months thereafter at the rate of $100 per month beginning one month from the date of said note.
Both parties have moved for summary judgment.
As to the plaintiff’s motion: Defendant’s affidavit dated November 7,1956 creates a question of fact with regard to timely notice of dishonor which was necessary to charge him as an indorser after default in payment. (Negotiable Instruments Law, §§ 160, 173.) The motion for summary judgment on the complaint is therefore denied. (Werfel v. Zivnostenska Banka, 287 N. Y. 91.)
The defendant’s cross motion presents a more difficult question. It will be observed that the note which was the primary obligation provided for 10 monthly payments at specified dates. In that situation plaintiff was required to give defendant timely notice of dishonor upon nonpayment of each installment in order to recover on the contract of indorsement for that installment. (Reed v. Spear, 107 App. Div. 144.) Although failure to notify an indorser of nonpayment on one installment does not affect the latter’s liability for later payments, it will discharge him as to the installment for which notice is not given. (Beutel Brennan’s Negotiable Instruments Law [7th ed.], § 89, and see cases annotated 104 A. L. E. 1331.)
Plaintiff alleges that no payments have been made on the note which gives rise to this action. Defendant’s affidavits deny that any timely notice of nonpayment was given to him. That denial is controverted by plaintiff’s affidavit of December 11, 1956 wherein it is asserted that on March 11, 1956, after the *387 maker’s refusal of payment, he immediately thereafter ‘ notified the defendant Edward J. Bullwinkel, Jr. that said note had been presented to the Robin Construction Corp. for payment and that payment was refused. ” As to that payment the affidavits create a question of fact whether defendant was given the notice which was essential to liability on his indorsement.
However, nowhere is there any claim by plaintiff that defendant was given notice of nonpayment on the dates when the nine preceding installments became due. In the absence of such notice, plaintiff may not recover from the indorser the $900 previously due and unpaid.
In view of the foregoing, this court is of the opinion that the defendant’s motion for summary judgment dismissing the complaint should be granted with leave to the plaintiff to amend the complaint by reducing the amount of the demand to $100, with interest from the date of demand, together with costs and disbursements of the action. (See Ross v. Pan Amer. Airways, 299 N. Y. 88, 92-93.)
Order accordingly.