G-eobge Tilzeb, J.
Defendant Arpad Plesch moves for summary judgment, or, in the alternative, to dismiss the complaint on the ground of forum non conveniens.
The action is founded in conversion and fraud. One of the plaintiffs, Joseph W. Lynch, domiciled and residing in New York State, is alleged to be the assignee of a claim of the estate of Janos Plesch, deceased brother of the defendant. The three remaining plaintiffs are the children and the heirs by will of Janos Plesch. They and the defendant are nonresidents of the State of New York.
The complaint alleges that in 1921 Janos Plesch delivered to the defendant stocks, bonds and other securities “to hold, administer and invest ” for the benefit of said Janos Plesch and to be returned upon request. At the time of this transaction the brothers were natives and residents of Hungary. In 1956, when requested by Janos, defendant refused to return the property, then valued at $1,635,593.25. In 1957, Janos died, leaving a will probated in Switzerland, in which he bequeathed the property to his three children in equal shares and wherein he appointed three executors. With the consent of the heirs, the executors assigned to the plaintiff Lynch all their right, title and interest as executors under the will of J anos Plesch against his brother Arpad.
In support of the motion for summary judgment, defendant argues that the ‘ ‘ documentary evidence ’ ’ submitted shows conclusively as a matter of law that the assignment is invalid and that the heirs have no right of action under the law of Switzerland. The documentary evidence, however, consists only of affidavits containing the divergent opinions of Swiss attorneys as to Swiss law. Defendant’s experts hold that the assignment effects a transfer of the functions and duties of the executors, an act, which, it is alleged, cannot be legally performed by them. Plaintiffs’ experts, on the other hand, assert that the instrument transfers a claim of property due to the estate and not a function of the executors. There is also a dispute as to the law governing the right of action by the heirs. Even defendant’s lawyers admit that the Supreme Court of Switzerland has not decided this point of law.
*748 Foreign law is a question of fact determinable at the trial, where there is a dispute as to what that law is (Chappell v. Chappell, 186 Misc. 968, 969-970). Accordingly, the issues in respect to the validity of the assignment and the right of action of the heirs may not be decided on a motion for summary judgment but must await the determination of the trial court.
Nor can the doctrines of forum non conveniens be applied until these issues are resolved. (Wagner v. Braunsberg, 5 A D 2d 564, 569.) The essence of the doctrine is that the court may in its discretion and in accordance with the circumstances of each case take or refuse to take jurisdiction of an action when the parties, plaintiff and defendant, are not residents of the State and the cause of action arose outside the State (de la Bouillerie v. de Vienne, 300 N. Y. 60, 62; Bata v. Bata, 304 N. Y. 51, 56). In the present case, if the resident plaintiff is barred from suing because of the invalidity of the assignment, but it should develop nevertheless that the nonresident plaintiffs have a right of action, the situation would be presented where the court might refuse cognizance of the controversy. On the other hand, if it should appear that both parties are nonresidents, jurisdiction would be accepted nonetheless upon a showing that the action accrued in this State. In the circumstances, before the court may consider the application of the doctrine of forum non conveniens, the issue of the validity of the assignment and the right of action in the heirs must be established. As indicated above, these are issues which cannot be determined from the affidavits now before this court but which should be decided by the trial court.
Motion for summary judgment is denied. The alternative motion to dismiss the complaint on the ground of forum non conveniens is left for disposition by the trial court.