Samuel Rabin, J.
The defendant moves to dismiss the complaint for legal insufficiency and, pursuant to the provisions of subdivision 4 of rule 107 of the Rules of Civil Practice, to dismiss it on the ground that there is an existing final judgment rendered on the merits by a court of competent jurisdiction determining the same cause of action between the parties. The plaintiff cross-moves for an order pursuant to section 1169-a of the Civil Practice Act for a counsel fee.
This action is brought by the plaintiff to. declare the nullity of a decree of divorce which the defendant had obtained against her in the Circuit Court of Montgomery County, State of Alabama, on September 6, 1955, and to set aside a separation agreement which the parties executed in New York State on July 28, 1955, pursuant to which the plaintiff was given the custody of the child of the parties born March 22, 1947, with certain rights of visitation to the defendant herein who agreed to pay the plaintiff the sum of $20 per week for her support *57 and maintenance and that of the child. These provisions were incorporated in the decree of divorce mentioned above.
The basis alleged in plaintiff’s first cause of action for declaring the nullity of this decree is that neither party ever lived nor was domiciled in the State of Alabama and “ the plaintiff did not properly appear in said Alabama action nor was she personally served with process ” in said State.
It is apparent from a reading of this complaint, without reference to anything outside of its four corners, that plaintiff seeks judgment nullifying the decree on the ground that her appearance in the divorce action in a State in which neither party was domiciled was, for some reason not disclosed in the pleading, improper. Of course, this court cannot refuse to give full faith and credit to the Alabama decree if it was entered upon a voluntary appearance by the plaintiff herein, in spite of the fact that the defendant here, the plaintiff in the Alabama action, was never a resident of that State. However, if plaintiff’s appearance was induced by fraud, coercion and duress or entered upon the unauthorized appearance of an attorney, the resulting decree of divorce may be attacked collaterally. (Averbuck v. Averbuck, 270 App. Div. 116; Schwarts v. Schwarts, 190 Misc. 757; Finan v. Finan, 47 N. Y. S. 2d 429.) The mere conclusory statement in plaintiff’s present complaint, however, that she “ did not properly appear in said Alabama action ” is insufficient without ultimate facts being alleged to justify that conclusion. (Finan v. Finan, supra, p. 435.) Under these circumstances the complaint is insufficient in law to state a cause of action to declare the nullity of a personal appearance decree of divorce and the motion to dismiss it for legal insufficiency is, therefore, granted with leave to the plaintiff to serve a proper amended complaint within 10 days of the service of a copy of the order hereon.
In view of this disposition the court cannot pass upon the other branch of the defendant’s motion made pursuant to subdivision 4 of rule 107 of the Buies of Civil Practice. Nor may the court pass upon the cross motion for counsel fees, absent a good complaint, especially since section 1169-a of the Civil Practice Act provides for a counsel fee to declare the validity or nullity of a judgment of divorce only where it was rendered against the wife in an action outside the State of New York who “ did not appear therein ”. The latter motions are accordingly denied without prejudice.
Submit order.