George A. Timone, J.
This case turns on the validity of an Alabama divorce obtained on July 11, 1960 by the respondent husband against petitioner. Even though the respondent was clearly not a bona fide resident of Alabama in 1960, if the petitioner then voluntarily submitted herself to the jurisdiction of the Alabama court, the divorce decree cannot be attacked collaterally and is entitled to full faith and credit in this State. (La Barr v. La Barr, 282 App. Div. 583; Boxer v. Boxer, 7 A D 2d 1001; Sherrer v. Sherrer, 334 U. S. 343.) If, however, the petitioner’s appearance in the Alabama action was induced by fraud, coercion or duress or was unauthorized, the resulting divorce may be attacked collaterally. (Averbuck v. Averbuck, 270 App. Div. 116; Schwartz v. Schwartz, 190 Misc. 757; Towers v. Towers, 21 Misc 2d 56; Ticknor v. Ticknor, 23 Misc 2d 257.)
In the instant ease the respondent husband in the City of New York and in the year 1956 induced the petitioner, a person of very limited understanding, to sign a so-called notice of personal appearance and waiver in an action yet to be commenced in Alabama. This notice of appearance is rather unusual. It is undated and unnotarized. It gives no address for the petitioner. There is a subscribing witness whose address is given only by street and number, the city which is Detroit, Michigan, being omitted. No complaint was prepared and no action whatever was taken by respondent on this 1956 notice of appearance until the year 1960.
On May 17, 1960 the petitioner filed in this court a petition for support from the respondent and on June 16,1960, the return day of the summons, only the petitioner and respondent’s attorney appeared. On his affidavit of engagement the hearing was adjourned to July 7,1960. On about July 1,1960 the respondent sought to obtain from the petitioner her signature to a new and presumably up-to-date and more complete notice of appearance. The petitioner declined to sign it without consulting counsel, and after so doing refused to sign it or to agree to an Alabama divorce. The respondent then made no mention of the 1956 notice of appearance.
Undeterred by this refusal and instead of attending the hearing of July 7, 1960, the respondent took his vacation and went to Alabama from where he wired the petitioner on July 6, 1960.
‘ ‘ Had to leave town right away due to sickness in the family. Will contact the Court as soon as I return.” A “ stayed warrant ” was issued for his arrest on July 7, 1960. On August 11, 1960 he appeared in this court and now moves for a dismissal *633 based on the Alabama divorce decree and its supporting papers which consist of his undated complaint and the above-described “ notice of appearance All these papers were filed and the decree of divorce was signed and entered on July 11, 1960.
It is assumed that the Alabama decree precludes the court from considering the sufficiency of the form of this unusual notice of appearance. It is further unnecessary to decide whether petitioner’s signature thereto was obtained by fraud or duress.
It seems clear that the negotiations between the parties on and about July 1,1960 when the petitioner refused the respondent’s request that she then appear in the divorce action to be commenced in Alabama, were in effect a revocation and recall of the consent she had signed four years earlier and that respondent’s subsequent use thereof was unauthorized.
The respondent’s submission of this notice of appearance to the Alabama court, without in these circumstances disclosing to petitioner that it still existed and his intended use thereof, and without disclosing to the Alabama court that it was signed four years earlier and that petitioner subsequently refused to appear in the action, constituted a fraud on the petitioner as well as on the court in Alabama.
It was stipulated that if the divorce is invalid, the petitioner is then entitled to support on a public charge basis only. An order is entered directing respondent on this basis to pay $15 per week for petitioner’s support.