Vincent A. Lupiano, J.
This is an action to recover sums claimed to be due and unpaid under a foreign judgment based on a matrimonial action.
*915 Plaintiff and defendant were married in New York in 1952. In March, 1958, the defendant husband herein commenced an action against the plaintiff wife herein for absolute divorce in the District Court of Horgen, Republic of Switzerland. Both parties were then domiciled in Switzerland and both appeared in the action, by their respective attorneys, which resulted in a judgment dissolving the marriage between the parties and which, among other things, directed defendant to pay to plaintiff alimony and support for the two infant issue of the marriage in the total sum of $233.30 per month commencing with the month of September, 1958. Plaintiff presently resides in California; defendant resides in New York.
The evidence shows that the sum of $3,295 is due as of January 1,1960 (giving’ the defendant credit for certain payments made). No proof was adduced that the judgment has been modified or vacated.
The defendant sets forth in his amended answer a general denial to the material allegations of the complaint, four separate and complete affirmative defenses and a £ ‘ fifth separate and complete affirmative defense and by way of offset and counterclaim ”. In the first defense, defendant alleges, in substance, that he was not properly served with the judgment and that same was not filed as required under the laws of Switzerland or by the terms of the judgment itself. The second defense asserts that the sums due are conditioned on plaintiff’s compliance with prescribed visitation rights. The third defense iterates that plaintiff’s rights were lost or modified because “ upon information and belief, plaintiff has, since August 1958, remarried ’ ’. The fourth defense alleges that the judgment in question is not a final judgment, “ in that the defendant had and has the right to petition for reduction of arrears upon any petition by plaintiff to enforce payment of arrears ”, The fifth defense and counterclaim allege that since 1958 the defendant “loaned” various sums of inoney to the plaintiff totaling ‘£ in excess of $2,000 ’ ’, no part of which has been repaid although duly demanded.
At the trial neither party, nor other person, personally testified. Plaintiff, a resident of California, was not present, and defendant, a seaman, was “ not available ”.
Plaintiff’s counsel submitted certain documentary proof, read written answers made by plaintiff to written interrogatories obtained by defendant pursuant to stipulation and read the examination before trial of the plaintiff’s expert witness obtained via stipulation. On his side, defendant read a portion of his examination before trial obtained by plaintiff, also pursuant to stipulation.
*916 During the trial, defendant objected:
(1) to the admission of the testimony of plaintiff’s expert witness on the ground that (a) the deposition was improperly taken, and (b), even if properly taken, the opinion evidence contained therein should not be admitted;
(2) to the admission of the Swiss judgment because it had not been competently translated.
The court reserved decision thereon and tentatively allowed plaintiff’s evidence relating to those items. If the objections are presently sustained and the evidence stricken, such action would be fatal to a prima facie case.
The deposition of plaintiff’s expert witness was taken pursuant to a stipulation which in part reads: “The service of Notice of Examination of this witness is hereby waived. The examination of this witness is taken without any concession by the defendant that the testimony so taken is admissible by reading from the deposition”.
The expert witness was a nonresident, citizen and resident of Switzerland. Perforce, his examination before trial as a witness was taken with the provisions of section 288 of the Civil Practice Act in mind and the conditions prescribed therein pertinent to a witness, not a party. Therefore, any question as to the right to take his deposition must be deemed waived by force and effect of the stipulation entered into. Of course, any question of the admissibility of testimony itself was reserved and left for the trial court. It follows, therefore, that the deposition may be read and without reference to the conditions prescribed in section 304 of the Civil Practice Act.
In any event, it should be noted that the testimony of plaintiff’s expert witness was material and necessary within the intendment of section 288. The instant action is based on a divorce decree procured in a foreign jurisdiction; hence, the testimony of such witness as to the pertinent foreign law related to an issue raised by the pleadings herein. And testimony affecting foreign law is evidence of a factual nature (see 4 Ford, Evidence, § 437 [1935]; Chappell v. Chappell, 186 Misc. 968; see, also, Civ. Prac. Act, §§ 391, 344-a). Objection 1 is overruled.
With regard to objection 2, the court finds that the testimony of the plaintiff’s expert sufficiently supported the translation of the Swiss decree; therefore, the translation of the decree, and the decree itself, are retained in evidence. For it appears that the translation though made by another person was adopted and ratified by the witness, who, from the examination, seems well versed in both languages. Objection 2 is therefore overruled.
*917 The defendant has attacked the finality of the Swiss judgment respecting- the arrears sued for herein, urging that execution procedure relative thereto in Switzerland would not make them a final debt to be sued upon in our courts. The expert testified, without contradiction, that while the Swiss law gives a “ special execution court ’ ’ certain powers to decide whether execution should issue, that court has no power to modify the amount of arrears due under the judgment. And nothing in the execution provisions prevents the foreign decree from being a final judgment respecting such arrears. Therefore, the alimony installments which have become due may be the subject of a domestic judgment. Apropos, in Griffin v. Griffin (327 U. S. 220, 233) the court said: “ in Barber v. Barber, 323 U. S. 77, 82, paraphrasing- Sistare v. Sistare, 218 U. S. 1, where a decree for alimony is made the basis of an action in another jurisdiction, ‘ “ every reasonable implication must be resorted to against the existence of ” a power to modify or revoke installments of alimony already accrued “ in the absence of clear language manifesting an intention to confer it.” ’ ” No such language has come to the attention of this court.
For final support, in Strudwick v. Strudwick (110 N. Y. S. 2d 839, 843) the court there said: “ It is true that the California statute gives the court the power, in its discretion, to decide whether to issue execution; but this discretion does not extend to modifying the amount of arrears. In California, it is the judgment which makes the arrears final; not the writ of execution. ’ ’ This would also apply in the instant circumstances.
The court therefore concludes that the plaintiff has sustained the burden of proof on the issues involved, and that the defendant has not proved his counterclaim or defenses, which are dismissed.
Accordingly, the plaintiff is entitled to judgment dismissing the counterclaim and judgment on the complaint in the sum of $3,295, with interest from January 1,1960. The foregoing is the decision of the court conforming- to the statutory requirement.