Harold J. Crawford, J.
In an action to recover for arrears in permanent alimony due pursuant to a foreign divorce decree, the plaintiff moves for summary judgment.
Plaintiff, in support of the motion, contends that she obtained a decree of divorce in the State of Georgia on July 20, 1953, dissolving her marriage with the defendant; that the aforementioned decree incorporated a written separation agreement executed in May of 1953, wherein the defendant in essence undertook to pay a total of $10 per week, commencing March 1, 1956, towards the support of the plaintiff and/or the son of the parties until the plaintiff remarried and/or said son attained the age of 21. The plaintiff further contends that the son has *974 not attained the age of 21, hut the defendant has failed to make any of the necessary payments pursuant to said divorce decree until the week ending May 18, 1962.
The defendant, in opposition, contends that inasmuch as the action herein seeks to recover accrued alimony, pursuant to a decree of divorce obtained in the State of Georgia, she must first obtain a judgment in that State, definitely fixing the amount of arrears prior to commencing an action in this State for such claimed arrears, inasmuch as the Georgia court has the power to modify and amend the divorce decree with respect to alimony payments; furthermore, that since the plaintiff has violated the divorce decree by withholding the defendant’s visitation rights, she should not be permitted to recover arrears in alimony that accrued thereunder. Finally, the defendant argues that since it is apparent that the plaintiff cannot recover in the instant action, summary judgment should be granted in his favor, notwithstanding the absence of a cross motion.
The plaintiff, in opposing the defendant’s arguments, contends that the complaint herein pleads both the separation agreement and the Georgia divorce decree, and, thus, the action can be viewed as one to enforce the separation agreement, and, therefore, the defendant’s arguments concerning the divorce decree are without merit. Furthermore, the plaintiff contends that the Georgia courts do not have the power to modify retroactively the divorce decree with respect to alimony payments; thus, an action may be brought in this State to recover the accrued alimony without having the amount fixed by the court which granted the divorce decree.
The defendant, replying to the plaintiff’s arguments, contends that it is apparent that the plaintiff’s claim is based on the divorce decree, but argues that if it were based on the separation agreement, the plaintiff has breached the agreement by withholding the defendant’s visitation rights provided for therein, and thus cannot recover support payments due thereunder.
Although the plaintiff has made reference to the separation agreement between the parties in the complaint herein, it is apparent upon a reading of that pleading that the action is not to enforce the separation agreement, but rather, to recover accrued alimony, pursuant to a divorce decree rendered in the State of Georgia.
It is well settled in this jurisdiction that a party may maintain an action to recover accrued alimony, pursuant to a divorce decree in a sister State, since the right to such alimony is fixed upon becoming due, and is treated as a debt of record when an action is brought thereon in this State. Unless the court in the *975 sister State, rendering the decree, has the power to modify it with a retroactive effect, that is, to reduce or extinguish entirely the amount of unpaid arrears, then an action in this State may not be maintained to recover such arrears until the amount has been definitely fixed by the court in the sister State rendering the decree. (Rossi v. Rossi, 187 Misc. 543, affd. 269 App. Div. 821; Carter v. Carter, 17 Misc 2d 962; Phelps v. Phelps, 68 N. Y. S. 2d 650.)
The fact that a court in a sister State rendering a divorce decree has the power to modify it with respect to future alimony payments does not bar an action in this State prior to a determination in the sister State which rendered the original decree definitely fixing the amount of arrears, since, by way of emphasis, this is only required if the court of a sister State has the power to modify the amount of arrears retroactively. (Stern v. Stern, 132 N. Y. S. 2d 817.)
While it may be that the Georgia courts can modify a divorce decree with respect to alimony payments, it is not clear whether they can modify it with a retroactive effect, since there is a conflict in the record with respect to the laws of the State of Georgia on this issue. The law of a foreign jurisdiction is considered a factual matter and, thus, where issues are presented with respect thereto, summary judgment will be denied notwithstanding section 344-a of the Civil Practice Act, permitting courts of this jurisdiction to take judicial notice of the law of a foreign jurisdiction. (Schwartz v. Schwartz, 190 Misc. 757; Chappell v. Chappell, 186 Misc. 968.) Furthermore, in an action to recover accrued alimony, pursuant to a divorce decree of a foreign jurisdiction, an authenticated record of such decree must be submitted before a party will be entitled to recover the moneys claimed. (Faranda v. Faranda, 4 A D 2d 114.) No such decree has been submitted in the papers herewith, and, thus, this is another reason why summary judgment should not be granted.
Finally, in an action to enforce a separation agreement, a denial of the visitation rights pursuant thereto is a breach of contract, which may relieve a party of the duty to support embodied in the agreement. (Magrill v. Magrill, 16 Misc 2d 896.) However, once a separation agreement is incorporated into a divorce decree, the covenants cease to be dependent (Greene v. Greene, 31 Misc 2d 1009) and if the divorce decree does not specifically condition the right of support upon the granting of visitation, then a withholding of visitation will not relieve the party of the obligation of support. (Sterns v. Stevans, 11 A D 2d 726.)
*976 In the case at bar it cannot be determined at this time whether the right of support was conditioned upon the granting of visitation in the divorce decree involved herein, since an authenticated copy of the decree is not now before the court. Thus, the defendant’s contentions with respect to the plaintiff’s withholding visitation privileges may or may not be essential to the final disposition of this action.
Accordingly, the plaintiff’s motion and the defendant’s request for summary judgment are in all respects denied.