Habold Babb, J.
This is a motion to dismiss a complaint (Rules Civ. Prac., rule 106, subds. 1, 4) and for security for costs, the plaintiff being a resident of London, England.
The complaint is based on a decree of the Superior Court, Cook County, State of Illinois, granting plaintiff an absolute divorce, custody of the two minor children, alimony, and support for the infants. Allegedly there are arrears in the alimony and support payments. The plaintiff seeks (1) to make the decree of the Illinois court a judgment of this court and (2) to recover an $1,800 judgment for the arrears in alimony and •support.
That part of the complaint which seeks equitable relief must be dismissed. While this court has equitable jurisdiction, such jurisdiction is limited (N. Y. City Civ. Ct. Act, art. II) and does not include jurisdiction in matrimonial matters or remedies under section 1171 et seq. of the Civil Practice Act which would be required to enforce a foreign decree as demanded in the addendum clause (1) of the complaint.
That part of the complaint demanding a money judgment is based on an action in law (Beeck v. Beeck, 211 App. Div. 720), and would be subject to the jurisdiction of this court. However, the point is raised that the court of a sister State has the power to modify its decree. This may be so with respect to future alimony payments but does not bar an action in this State brought prior to a determination in the sister State fixing the arrears, unless the court in the sister State has the power to modify the amount of arrears retroactively (Stern v. Stern, 132 N. Y. S. 2d 817).
The law of the State of Illinois is a factual matter and neither party submitted any proof with respect to the power of the *7 courts of that State to amend decrees retroactively. Judgment will be denied when there is a factual'issue raised by the pleadings that cannot be determined on motion even though section 344-a of the Civil Practice Act permits this court to take judicial notice of the law of foreign jurisdiction (Schwartz v. Schwartz, 190 Misc. 757; Chappell v. Chappell, 186 Misc. 968). In addition, this is an action to recover accrued alimony and support pursuant to a divorce decree of a court in a foreign jurisdiction. No authenticated record of such decree has been submitted and this court cannot determine whether or not the complaint states a cause of action (Faranda v. Faranda, 4 A D 2d 114; Rubino v. Bondi, 36 Misc 2d 973).
Since the plaintiff has so intermingled her equity action with the action at law, the complaint is dismissed with leave to plaintiff to serve an amended complaint in accordance with the foregoing decision within 20 days from date of publication of this order in the New Fork Law Journal.
The motion for security for costs is denied without prejudice since it is academic at this time.