■ DOROTHY KANTROWITZ, Appellant, v. FRED KANTROWITZ, Respondent. — Order, entered on November 29, 1963, dismissing petition for support, unanimously reversed on the law and on the facts, and a new trial ordered. If, as contended by petitioner, jurisdiction of the Mexican court was acquired as a result of a fraudulently induced power of attorney and appearance by her, the decree of divorce obtained by respondent is not entitled to protection or recognition under principles of comity and may be attacked collaterally in the courts of this State. (Cf. *Prime* v. *Hinton*, 244 App. Div. 181, 183, 184 and cases cited; see, also, *Querze* v. *Querze*, 290 N. Y. 13; *Averbuck* v. *Averbuck*, 270 App. Div. 116; *White* v. *White*, 26 Misc 2d 631.) The testimony here is that the parties were living together as husband and wife when the wife was induced to sign a power of attorney and to consent to an appearance in the divorce proceeding to be instituted in Mexico. The court was bound to scrutinize most closely all circumstances to ascertain whether or not any deception, fraud or coercion was practiced upon the petitioner. The relation between a husband and wife is regarded as one of special confidence and trust. Since the parties were still living together as husband and wife at the time the petitioner was induced by respondent to execute the power of attorney for her appearance in the proceeding in Mexico, the respondent was under the duty to exercise the utmost good faith in his representations to the petitioner. This instrument was to be used to his advantage for the purpose of severing the marital ties, so the burden was upon him to show that the petitioner executed the same freely and deliberately with a full understanding of her rights. (See 15 N. Y. Jur., Domestic Relations, § 210, p. 433; 41 C. J. S., Husband and Wife, § 120, p. 594; *Scheinberg* v. *Scheinberg*, 249 N. Y. 277; *Matter of Smith*, 243 App. Div. 348, 352, 353; *Matter of Nowakowski*, 1 A D 2d 250, affd. 2 N Y 2d 618.) The record here shows the existence of issues of fact with respect to whether or not the respondent fraudulently misrepresented his then existing intentions as to his future support of the petitioner and as to his marital plans, and

whether petitioner relied upon same when she executed the power of attorney. The trial court, apparently without passing upon these questions, dismissed the proceeding, holding that the Mexican decree was "valid for the purposes of this action." The court was not required to remit the petitioner to the remedy of a plenary action for a determination of the issue as to the validity of the Mexican decree. The Family Court had full jurisdiction in the premises. (See *Loomis* v. *Loomis*, 288 N. Y. 222, 224; *Matter of Carter* v. *Carter*, 19 A D 2d 513; cf. *White* v. *White, supra*.) Finally, if a determination upon the merits with respect to the issue of fraud was intended by the trial court, the determination is contrary to the weight of the evidence. Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.