Howard A. Zeller, J.
Plaintiff moves in this matrimonial action for summary judgment on her first cause of action seeking to set aside a separation agreement executed by the parties on or about February 15, 1964, and for a declaration that an Alabama divorce granted defendant on or about March 23, 1964 is void and that she is the lawful wife of defendant. Plaintiff’s second cause of action is for separation which concededly is contingent upon a determination favorable to plaintiff on the first cause of action.
Defendant cross-moves to dismiss the complaint on the ground that a valid divorce decree of a sister State may not be collaterally attacked in New York courts as a matter of law.
Plaintiff’s complaint admits she signed an instrument purporting to permit defendant to secure a divorce in the State of Alabama. Annexed to one of her affidavits is an “ Answer and Waiver ” signed by her which states she accepts service of defendant’s Alabama complaint and submits to the jurisdiction of the Alabama court.
The gist of plaintiff’s first cause of action, as amplified by her affidavits, is that she signed both the separation agreement and any instruments relating to an Alabama divorce under duress, that unconscionable advantage then was taken of her because she was in such a physical and mental state as to be unaware of the true import of the papers signed by her, and that their contents were not made clear to her. The first cause of action also attacks the good faith and validity of the Alabama residence supposedly established by defendant as an incident of the Alabama divorce action.
Beyond the documents thus under attack, defendant seeks to buttress his motion for summary judgment by affidavits and the transcript of an examination before trial of plaintiff.
Concerning plaintiff’s motion for summary judgment declarative of the marital status of these parties, CPLR 3212 provides in part “ Except as provided in subdivision (d) with respect to a matrimonial action, any party may move for summary judgment in any action, after issue has been joined. * * * (d) *43 Matrimonial Actions. In a matrimonial action, a motion for summary judgment may be made only on the basis of documentary evidence or official records which establish a defense to the cause of action. The motion shall be granted if upon such evidence or records, the defense shall be established sufficiently to warrant the court as a matter of law in directing judgment.” CPLR 105 (subd. [m]) reads in part “ The term ‘ matrimonial action ’ includes actions * * * for a declaration of the * * * nullity of a foreign judgment of divorce and for a declaration of the validity * * * of a marriage.”
Thus a motion for summary judgment is not available to plaintiff to declare the Alabama divorce a nullity or to declare her marriage to defendant currently valid and existing. By statute, this summary procedure is open only to the defendant in a matrimonial action. (See Ticknor v. Ticknor, 23 Misc 2d 257; Brandstadter v. Brandstadter, 193 N. Y. S. 2d 687.) Plaintiff’s motion for summary judgment should be dismissed.
On its face, defendant Roberts’ motion for summary judgment insofar as made on the basis of ‘ ‘ documentary evidence or official records which establish a defense to the cause of action ” may be entertained. However, CPLR 3212 (subd. [d]) provides such a motion shall be granted only “ if upon such evidence or records, the defense shall be established sufficiently to warrant the court as a matter of law in directing judgment.’ ’ The present state of the proceedings herein presents several obstacles to granting defendant’s motion for summary judgment.
This court should not refuse to give full faith and credit to the Alabama decree if it were entered upon the -voluntary appearance by plaintiff even though defendant never established a bona fide Alabama residence. (Boxer v. Boxer, 7 A D 2d 1001, affd. 7 N Y 2d 781.) However, if plaintiff’s appearance was induced by fraud, coercion or duress or unconscionable conduct, as she claims, the Alabama decree may be attacked here. (See Matter of White v. White, 26 Misc 2d 631; Ticknor v. Ticknor, 23 Misc 2d 257, supra; Towers v. Towers, 21 Misc 2d 56.)
Thus, the validity of the documentary proof upon which defendant relies is under attack. Secondly, defendant’s proof submitted to sustain the documents ’ validity consists of affidavits by defendant and his counsel, which exceed the bounds of the nature of proof permitted under CPLR 3212 (subd. [d]). Finally, even were defendant’s additional evidence considered, including the examination before trial of plaintiff, plaintiff nevertheless raises sufficient factual issues to preclude granting summary judgment in defendant’s favor as a matter of law.
*44 Defendant’s motion for summary judgment should be denied.
Insofar, as the motions of both parties are directed to the separation agreement, they must be dismissed as presently premature. By terms of the Alabama divorce decree the separation agreement existing between these parties is incorporated but not merged therein and is to survive the decree. Where the decree of a sister State granted on the appearance of the parties, and thus presumptively valid, has a pre-existing separation agreement incorporated therein, collateral determination regarding the separation agreement may not be had in the courts of New York. (Temple v. Liebmann, 17 Misc 2d 740, affd. 9 A D 2d 664, app. dsmd. 7 N Y 2d 1049, mot. for lv. to app. den. 8 N Y 2d 709.)
Relief from the terms of such a separation agreement must be sought in the foreign forum until such time as a competent New York court may find the foreign matrimonial decree invalid or void. While the issue of the validity of the Alabama decree is present in the pleadings of these parties, there yet has been no determination of that issue so as to either presently permit or permanently preclude consideration of the separation agreement by a New York court.