■ ANTONIO CRISTIANO, Doing Business as TONY'S PIZZERIA, Respondent, v ILLINOIS NATIONAL INSURANCE COMPANY, Appellant, et al., Defendant.

We agree with Special Term that the copy of the policy attached to plaintiff's affidavit does not contain the provisions relied upon by defendant. We add that defendant has not sustained its burden of proving that the terms of the standard fire insurance policy form (Insurance Law § 168 [5]) should be read into the policy. Insurance Law § 168 (6) provides that under certain conditions neither a fire policy nor a multiperil policy need comply with the terms of the standard fire insurance policy form. The policy in the record is headed, "Special Multi-Peril Policy" and its contents indicate that it is a multiperil policy rather than a standard fire insurance policy. Thus, there is, at least, a question of fact whether the provisions relied upon by defendant should be considered a part of the policy.

The fact that plaintiff alleged in his complaint that the policy issued by defendant was a standard fire insurance policy does not change the result. The facts now show otherwise and the complaint may be amended (*see, Curry v Mackenzie,* 239 NY 267, 272). Technical defects in the pleading of an adversary are not available to an applicant for summary judgment (*Werfel v Zivnostenska Banka,* 287 NY 91, 93; *Curry v Mackenzie, supra; Infusino v Maggio,* 24 AD2d 536). (Appeal from order of Supreme Court, Oneida County, Sullivan, J. — summary judgment.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.