MULVINA L. SPRINGER, Plaintiff, *v.* JULIUS SPRINGER, Defendant.

Supreme Court, Kings County, June 10, 1947.

*Clarence A. Hastings, Jr.*, for plaintiff.

No appearance for defendant.

PETER P. SMITH, Official Referee. This is an action brought by plaintiff wife for a judgment declaring the marital status of the

parties. The action was uncontested. The pleadings and proof established that on April 14, 1920, in Misericordia Hospital, Edmonton, Alberta, Canada, the parties participated in a marriage ceremony performed by a Catholic priest in the presence of two witnesses and in accordance with the rites of the Roman Catholic Church. At that time plaintiff was a citizen of Canada, defendant a citizen of the United States, and both resided in Canada. No marriage license was issued to the parties by the civil authorities having jurisdiction to issue the same.

Two days prior to the marriage ceremony plaintiff had given birth to a child, the son of the defendant. Immediately after the birth she became seriously ill and was not expected to live. It was for this reason that the marriage ceremony was performed without first obtaining a license. The real purpose evidently was to legitimatize the child. Plaintiff recovered from her illness and the parties lived together for some time as man and wife both in Canada and, later, in the United States. A second child was born of this union. Plaintiff was at all times known as Mrs. Springer. In 1925, while the parties were residing in Brooklyn, they separated.

By reason of the fact that no marriage license was obtained and no record of the marriage existed except in St. Joachim's (R. C.) Church at Edmonton, Alberta, Canada, defendant took the position that he was not married to plaintiff and so conducted himself. There is no proof that a divorce was ever obtained by either of the parties against the other; but in 1932 the defendant purported to enter into marriage with another and since such time has been living in this State. The action is brought by plaintiff to establish her marital status so that she may conduct herself accordingly.

The marriage laws of the Province of Alberta, Dominion of Canada, are to be found in chapter 213 of the Revised Statutes of Alberta, 1922, in an act entitled, "An Act Respecting Solemnization of Marriages", also known as "The Marriage Act". This act was originally passed in 1898 (ch. 46, § 1) and was in effect in 1920 when the marriage ceremony was performed as aforesaid. Insofar as pertinent, the act provides:

"2. The ministers and clergymen of every church or religious denomination duly ordained or appointed according to the rites and ceremonies of the churches or religious denominations to which they respectively belong and commissioners and staff officers of the Salvation Army may by virtue of such ordination or appointment and according to the rites and usages of such churches or religious denominations respectively and also mar-

riage commissioners appointed for that purpose by the Lieutenant Governor in Council may solemnize or perform the ceremony of marriage between any two persons permitted by law to intermarry.

"3. Except as hereinafter provided no marriage commissioner shall solemnize marriage unless the parties to the intended marriage produce to him the license provided for by this Act; and no minister or clergyman or other person authorized to perform the ceremony of marriage shall solemnize marriage unless the parties to the intended marriage produce to him such license, or unless their intention to intermarry has been proclaimed by publication of banns at least thrice openly on two or three successive Sundays, in some public religious assembly.

"4. All marriages shall be solemnized in the presence of two or more credible witnesses besides the person performing the ceremony; and every person solemnizing the marriage shall register the same according to the provisions of *The Vital Statistics Act.*"

It will be noted that there is nothing contained in the foregoing provisions, either expressly or by fair implication, from which may be drawn the conclusion that a marriage shall be null and void unless the requisite license is obtained. The only penalty attaching to noncompliance is the imposition of a fine, against the one officiating at the ceremony.

In *Wylie* v. *Patton* ([1930] 1 D. L. R. 747) the Saskatchewan Court of Appeal was called upon to construe the effect of a marriage act whose provisions were almost identical with those of the act here considered. There a marriage was performed prior to the issuance of a license. The court held that in the absence of a statutory provision making a marriage null and void, the fact that the marriage was performed without the benefit of a license or the publication of the banns did not render the same a nullity. In its conclusory remarks the court stated (p. 752) that: "In the present case the Act under consideration, while prohibitive, does not declare a nullity or penalize the parties to the marriage, and there is an innocent child to be considered. On the highest grounds of public policy, all legal presumptions are in favour of the validity of a marriage. I would therefore hold that the marriage in question was not invalid * * *."

The viewpoint expressed in the *Wylie* case (*supra*) is in accord with the decisions of this State. Typical of such decision is the case of *Davidson* v. *Ream* (97 Misc. 89, 105–106, affd. 178 App. Div. 362). There the court stated that: "It is uni-

formly held in those states in which a license is required that a marriage celebrated without a license, although the persons officiating or the parties may be punished criminally, is valid unless the statute contains mandatory provisions that the marriage shall be void." (The court refers to the cases which are enumerated in 11 L. R. A. 587; 15 L. R. A. [N. S.] 463; 1917C, L. R. A. 1017; 4 A. L. R. 497; 6 A. L. R. 1344. See, also, *Matter of Levy*, 168 Misc. 864.)

I, therefore, recommend that judgment be entered declaring that plaintiff is the lawful wife of defendant and that the ceremonial marriage on April 14, 1920, between the parties constituted a valid marriage and that the parties hereto are husband and wife.