In the Matter of the Estate of ABRAHAM KAMINSKY, Deceased.

Surrogate's Court, Kings County, October 30, 1953.

*Kaiser, Holzman & Justin* for Paul Kaye, as executor of Abraham Kaminsky, deceased, petitioner.

*Herman J. Zawin* for Gussie Kaminsky, respondent.

RUBENSTEIN, S. This proceeding was initiated in pursuance of section 145-a of the Surrogate's Court Act to obtain a determination of the validity and effect of respondent's election to take an intestate share of testator's estate. It is not disputed that respondent has exercised such right, if one is available to her, as required by section 18 of the Decedent Estate Law, and the sole question for decision is whether she is testator's surviving spouse.

At the close of the trial, petitioner's counsel, arguing in support of a motion to declare the invalidity of the claimed election, urged that the evidence established only the existence of a relationship formerly termed a common-law marriage which was entered into at a time when it was prohibited by section 11 of the Domestic Relations Law (as amd. by L. 1933, ch. 606), and, accordingly, respondent had failed to prove her claim. However, it must be noted that there is evidence which, if believed by the court, warrants the conclusion that respondent's marriage to the testator was solemnized in accordance with the uses and practices of Orthodox Judaism.

The court has considered carefully this additional evidence. It is true, as suggested, that such evidence comes from witnesses who are related to the respondent and who, it may be said, are interested in her success. However, it does not necessarily follow that the court is required to disregard their testimony because of such interest if they are truthful persons and their stories have the ring of truth. Additionally, the force of their testimony is not in the least overcome by petitioner's documentary proof.

On the entire evidence and after deliberation, the court is satisfied that the claimed marriage was performed and solemnized in strict accordance with Orthodox Jewish ritual and practice and it follows that such marriage is entitled to recognition in the courts of this State even though the parties failed

to obtain a license to marry (*Matter of Cossin,* N. Y. L. J., Jan. 20, 1953, p. 211, col. 6).

The assertion that respondent is not entitled to an intestate share because she abandoned the testator is not sustained by the evidence (*Matter of White,* N. Y. L. J., March 5, 1951, p. 788, col. 1). Respondent is declared to be testator's surviving spouse and the validity of her right of election is sustained.

Submit decree, on notice, accordingly.