Joseph A. Suozzi, J.
This is an uncontested matrimonial action brought by plaintiff husband to annul the marriage between the parties herein.
The pleadings and proof established that while the defendant was still married to another man, one Robert W. Bowen, the parties on October 27, 1944, applied for and were issued a marriage license and were married in Lincoln County, New Mexico, by a Justice of the Peace. Plaintiff testified at the trial that he had knowledge of the existence of his wife’s marriage at the aforesaid time and that a divorce was pending in Florida.
The defendant wife and her first husband were subsequently divorced on January 25, 1945, in accordance with a final decree issued out of the Circuit Court, Dade County, Florida. Thereafter on May 15, 1945, based upon the authority of the license issued and civil marriage in New Mexico, and without a California marriage license, the parties participated in a religious ceremony performed by a Rabbi, in Los Angeles, California, who indorsed on the aforesaid license: ‘ This is to certify that on May 15, 1945, I reconsecrated the marriage of G-eesje and Murray Meyrowitz, in accordance with the requirements of the faith of Israel. Maxwell H. Dubin [signature] Assoc. Rabbi, Wilshire Blvd. Temple, Los Angeles, Calif.”, followed by the signatures of two persons as witnesses.
The parties lived together until July 4, 1965, when they separated. Custody of the three issue of the marriage, awarded to plaintiff by the Family Court of Nassau County, is not now before this court. Plaintiff takes the position that by reason of his wife’s former marriage being in full force and effect at the time of her marriage to him in New Mexico and the subsequent religious ceremony performed in California on the authority of the New Mexico license and without a California license, the marriage is void. Plaintiff relies upon section 69 of the California Civil Code and requests this court to take judicial notice of said section.
Section 69, among other things, provides that persons about to be married “must first obtain a license therefor, from the county clerk ”. However, there is no provision contained therein making a marriage null and void if the required license is not obtained. In the absence of a statutory provision making a marriage null and void, the fact that a marriage was performed without the benefit of a license does not render the same a nullity (see Springer v. Springer, 189 Misc. 820, and the cases cited therein). In California it has been held that the use of the word “ must ” in a statute “ does not necessarily and ipso facto make statutory provisions mandatory ” (Agronaut Ins. Co. v. *689 Industrial Acc. Comm., 204 Cal. App. 2d 805, 810).
It is well settled that a marriage performed and solemnized in accordance with established religions ritual and practice, though without the benefit of a marriage license, is entitled to recognition. (Matter of Cossin, 126 N. Y. S. 2d 363; Matter of Kaminsky, 204 Misc. 793.)
Accordingly, the court is of the opinion that the religious ceremonial marriage constituted a valid marriage, and it need not make a determination on the question of the validity of the prior marriage in New Mexico, since this question is rendered academic under the circumstances. On the basis of the foregoing, the annulment is denied.