Joseph Liff, J.
Motion pursuant to CPLR 3212 (subd. [d]) for summary judgment dismissing the complaint on the ground that official records establish the defense that the parties are not married, is denied.
It appears that the parties went through a marriage ceremony on August 14, 1966 at Long Beach, New York, and their marriage was registered by the City Clerk of the City of New York, Borough of Queens. The certificate of registration issued by the City Clerk and submitted by the movant as the basis for this motion does not disclose who performed the marriage ceremony. Therefore, the motion was not technically supported by the documentary evidence and a motion pursuant to CPLR 3212 (subd. [d]) is unwarranted.
Reference to the affidavits reveals that the marriage was performed by a Judge of the Family Court within the City of New York. It is contended that he was without authority to perform marriages beyond the geographical limits of New York City. With that contention I agree. There are many informal opinions of the Attorney-General of the State of New York to that effect (see 1943 Opns. Atty. Gen. [Inf.] 235; 1944 Opns. Atty. Gen. 247; 1961 Opns. Atty. Gen. 125; 1964 *975 Opns. Atty. Gen. 129). That the officials authorized hy section 11 of article 3 of the Domestic Relations Law are only empowered to perform marriage ceremonies in the territorial jurisdiction for which they were elected or appointed is evidenced by chapter 184 of the Laws of 1945, which has been amended several times, the last amendment by chapter 517 of the Laws of 1964, effective April 10, 1964. As to marriages theretofore solemnized by any Judge, Justice, Recorder, or Magistrate outside of the territorial jurisdiction in which he was appointed or elected hut pursuant to a marriage license lawfully issued, the statute ‘ ‘ hereby legalized and confirmed and made effectual and valid so far as such marriage may be affected, impaired or questioned by reason of the lack of authority or jurisdiction of such judge, justice, recorder or magistrate.”
However, it does not necessarily follow from the fact that the official herein performed the marriage ceremony beyond the jurisdiction of New York City that the marriage itself is invalid. In People v. Heine (12 A D 2d 36, 39, affd. 9 N Y 2d 925), the Appellate Division, Second Department, cited with approval a holding in Trammel v. Trammel (357 Ill. 113) that a marriage performed outside of the jurisdiction in which the official was elected and in which jurisdiction he had no authority was not open to question. Here, the parties were eligible to marry, a license had been duly issued, the parties apparently believed that they were lawfully joined in marriage.
The Family Court is a court of record. (Judiciary Law, § 2, subd. 8.) A Family Court Judge of New York City may perform marriages within New York City (Domestic Relations Law, § 11, subd. 3). Had the Judge been temporarily assigned to Nassau County there would be no question but that he would have the same powers as a resident Judge of Nassau County (N. Y. Const., art. VI, § 26). As stated in the Heine case {supra, p. 39), it would be “ socially undesirable ” to permit an attack upon a marriage simply because the official lacked authority under the statute to perform the ceremony in a particular situation. There, it was held that although the statute prohibited a Justice of the Peace from solemnizing a marriage of persons under 21 years, the statute did not declare the marriage void. Likewise, as to marriages performed outside the jurisdiction of the official, the Legislature has not declared such marriages to be void.
Although this decision might rely on the foregoing for its authority, the court believes that it would help to enforce its conclusion hy some additional brief references.
*976 Marriage is a civil contract to which the consent of the parties capable in law of making the contract is essential (Domestic Relations Law, § 10; Kober v. Kober, 16 N Y 2d 191, 196). Section 11 of the Domestic Relations Law recognizing that fact provides (subd. 4), among the means by which a marriage may be solemnized, that the parties may enter into a written contract signed by the parties and at least two witnesses and acknowledged by them before a Judge of a court of record of the State.
At the request of the court, the moving party submitted for the court’s examination the affidavits and applications for the marriage license, the physician’s statements of physical examination and the marriage license. These papers reveal that each of the parties signed a separate affidavit and application for the license; each of them submitted to a physical examination on the same day; the license was issued to them on August 8, 1966; the marriage was performed on August 14, at 4 o’clock in the afternoon in Long Beach in Nassau County. The Judge subscribed his certificate of performance, which was witnessed by two persons who subscribed their names and addresses. This comes very close to being the written contract described in subdivision 4 of section 11 of the Domestic Relations Law. However, there are additional reasons why the defendant’s motion should be denied.
Marriage, while a civil contract, is different from the ordinary contract in that it is affected by a vital public interest (Fearon v. Treanor, 272 N. Y. 268, 271). In the last cited case, the court continued (p. 272):
“ Marriage is more than a personal relation between a man and woman. It is a status founded on contract and established by law. It constitutes an institution involving the highest interests of society. It is regulated and controlled by law based upon principles of public policy affecting the welfare of the people of the State. ‘ Marriage, as creating the most important relation in life, as having more to do with the morals and civilization of a people than any other institution, has always been subject to the control of the Legislature. That body prescribes the age at which parties may contract to marry, the procedure or form essential to constitute marriage, the duties and obligations it creates, its effects upon the property rights of both, present and prospective, and the acts which may constitute grounds for its dissolution. ’ (Maynard v. Hill, 125 U. S. 190, 205.)
‘ ‘ There are, in effect, three parties to every marriage, the man, the woman and the State.”
*977 There is no reason to suppose that the Legislature intended to declare void a marriage performed by a Judge of a court of record of this State outside the area in which he was authorized to act (cf. People v. Heine, 12 A D 2d 36, supra).
Wherever possible the courts have endeavored to sustain the validity of a marriage (cf. Fearon v. Treanor, supra; De Milio v. New York State Thruway Auth., 15 A D 2d 27). The presumptions favoring the validity of marriages are strong (Apello aum v. Apelbaum, 7 A D 2d 911; Matter of Liebman, 44 Misc 2d 191, 193). Here, after the parties made a joint application for the licenses, they participated in the marriage ceremony and thereafter continued to live together as husband and wife. It would be contrary to public policy to permit one of the parties, when a difference has arisen between them, to deny the validity of the marriage. The defendant’s motion is denied.