■ In the Matter of CATHERINE FISCHER, Appellant, v. ENDRES DELIVERY Co., INC., et al., Respondents. WORKMEN's COMPENSATION BOARD, Respondent. — Appeal from so much of a decision of the Workmen's Compensation Board, filed March 29, 1973, which found that the claimant was not the legal widow of the decedent. Claimant's decedent suffered an employment related death in 1971. The Workmen's Compensation Board found causally related death, but made no award to claimant, finding that she had not proved her status as the legal widow. No other party has come forth alleging widowhood. Claimant testified that she was married to the decedent at Elmira, New York, on October 31, 1939, by a minister of the Jehovah's Witnesses sect, but she was unable to recall the name of the minister or of any witnesses, or to offer any documentary proof. She also testified that a certificate of the marriage had been destroyed during a fire in her home in 1960. Decedent's niece testified that she had seen the alleged certificate. It is undisputed that the claimant and decedent lived together from the time of their purported marriage until his death (a period in excess of 30 years), held themselves out as husband and wife, and that a son was born to them in 1944. In making its decision, the board took the view that "there is no presumption that a marriage is valid". In this respect, the board erred. The record before us demonstrates that we do not have before us a case where a claim of widowhood is challenged by others claiming to be the decedent's rightful beneficiaries, nor is the claimant's testimony uncorroborated by strong circumstantial evidence. In addition to the fact that claimant and decedent had a child which gives rise to a presumption of legitimacy indicative of a valid marriage, and held themselves out as husband and wife, claimant introduced into evidence tax returns, insurance beneficiary designations, military records and other documents upon which decedent declared claimant to be his wife. In another compensation case, *Matter of Esmond* v. *Lyons Bar & Grill* (26 A D 2d 884), we quoted from *Matter of Masocco* v. *Schaaf* (234 App. Div. 181, 183) as follows: "The law presumes morality and not immorality; marriage and not concubinage; legitimacy and not bastardy." More significantly, "the cohabitation, apparently decent and orderly, of two persons opposite in sex, *raises a presumption of more or less strength that they have been duly married*" (emphasis added). Similarly, in *Matter of Myers* v. *Tuttle* (278 App. Div. 543, 544) we stated: "From a publicly maintained relationship of husband and wife, such as this record discloses, there springs a powerful presumption of the pre-existence of a valid marriage. The presumption must necessarily take within its sweep \* \* \* the fact of solemnization itself." Thus it would appear that even the question of whether a ceremony in fact took place can be resolved by resort to presumption. It is not our design here, by holding that the presentment of the appearance of marriage raises a presumption of marriage, to undercut this State's policy against common-law marriages, which have long been illegal. Living together as husband and wife cannot and does not *create* a marriage; we merely hold that cohabitation in such fashion raises a presumption that a marriage exists which challengers to that marriage have the burden of overcoming. "The fact that to achieve this requires proof of negatives is not necessarily controlling" (*Matter of Esmond* v. *Lyons Bar & Grill, supra,* p. 885). In this case, no proof whatsoever tending to repel the presumption has been presented, and we must therefore conclude that the board's decision was not supported by substantial evidence. Respondents

attempt to distinguish *Matter of Myers* v. *Tuttle* (*supra*) by pointing to the fact that in that case, formal wedding announcements were sent out. Such a fact, in our view, is nothing more than a different means by which the parties hold themselves out as married, which in this case is established by ample evidence. *Tuck* v. *Tuck* (18 A D 2d 101), involving very different facts in an attempt to recover damages for fraudulent inducement to enter into an invalid marriage, is completely inapposite and dicta therein should not have been relied on by the board in the present case. Decision reversed, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs against the Workmen's Compensation Board. Greenblott, Sweeney and Main, JJ., concur; Herlihy, P. J., and Reynolds, J., dissent and vote to affirm in the following memorandum by Reynolds, J. Reynolds, J. (dissenting). We dissent and vote to affirm. The board has found, as a matter of fact and law, that there is no credible evidence of a valid marriage and that therefore claimant is not the legal widow of decedent. The decision should be affirmed.