■ In the Matter of the Estate of DANIEL J. LOWNEY, SR., Deceased. CYNTHIA T. LOWNEY et al., Respondents-Appellants; JOHN H. LOWNEY, JR., et al., Appellants-Respondents.—In a proceeding pursuant to SCPA 1001 to obtain letters of administration for the estate of Daniel J. Lowney, Sr., decedent, (1) the cross petitioners, John H. Lowney, Jr. and Michelle C. Lowney, appeal from so much of a decree of the Surrogate's Court, Richmond County (D'Arrigo, S.), dated February 8, 1988, as decreed that there did not exist a valid ceremonial marriage between Daniel J. Lowney, Sr., and Lorenze Lowney, and (2) the petitioners, Cynthia T. Lowney, Daniel J. Lowney III, and Peter Lowney, as coadministrators *c. t. a.* of the estate of Daniel J. Lowney, Jr., cross-appeal from so much of the same decree as decreed that John H. Lowney, who predeceased Daniel J. Lowney, Sr., was a nonmarital child of Daniel J. Lowney, Sr., the cross petitioners are lawful distributees of Daniel J. Lowney, Sr., and the petitioners and cross petitioners are equally entitled as distributees to letters of administration of the decedent's estate.

Ordered that the decree is modified by deleting therefrom the provisions which decreed that no valid ceremonial marriage existed between Daniel J. Lowney, Sr., and Lorenze Lowney, and that John H. Lowney was a nonmarital child of the decedent, and substituting therefor provisions declaring that Daniel J. Lowney, Sr., and Lorenze Lowney were validly married, and that John H. Lowney was a child of the marriage; as so modified, the decree is affirmed insofar as appealed and cross-appealed from, with costs to the cross petitioners payable by the petitioners personally.

The instant proceeding arises out of a contest for letters of administration of the estate of Daniel J. Lowney, Sr. (hereinafter the decedent). The petitioners and the cross petitioners both claim entitlement as grandchildren of the decedent.

The petitioners are descended from the decedent and his first wife, Helen Halpin, to whom the decedent was married from 1922 until her death in 1923. Their child, Daniel, Jr., was born in 1923, and is the father of the petitioners.

The cross petitioners assert that they are descended from the decedent and Lorenze Lowney, nee Sullivan, to whom the

decedent was married and with whom he lived for 59 years, from 1924 until his death in 1983, and that the couple had a son, John, the father of the cross petitioners. This union is brought into question by the petitioners, who claim that a valid ceremonial marriage was not established between the decedent and Lorenze Lowney.

In March 1986 the petitioners, as coadministrators *c. t. a.* of the estate of their father, Daniel J. Lowney, Jr., applied for letters of administration of the estate of the decedent. By cross petition dated May 16, 1986, the cross petitioners sought letters of administration of the same estate. The cross petitioners claimed to be the decedent's grandchildren, alleging that their father John was the son of the decedent and Lorenze, and that the decedent and Lorenze had been lawfully married. In their answer to the cross petition, the petitioners denied that the cross petitioners were distributees of the decedent, claiming that the decedent and Lorenze had never married, and that John was not the son of the decedent.

A hearing was held at which evidence adduced by the cross petitioners indicated that the decedent and Lorenze lived together as husband and wife from 1924 until the decedent's death in 1983, and that they, together with Daniel, Jr. and John, constituted a family. In addition, certain documentary evidence, including school, baptismal, and census records, was submitted on which the decedent's name appeared as the father of John. Further evidence was introduced to establish that in 1943, the decedent and Lorenze purchased real property in Staten Island "as husband and wife". Finally, and notably, there was testimony that Daniel, Jr., the petitioners' father, organized a fiftieth wedding anniversary party for the decedent and Lorenze, and that the petitioners were among the celebrants. The petitioners introduced the testimony of Gertrude Lavacek, their 89-year-old grandmother, whose daughter Lucille, married Daniel, Jr. She stated that Lorenze never told her that she intended to marry, never wore a wedding ring, nor showed photographs. Her testimony was generally vague and disjointed.

The Surrogate's Court, by decree dated February 8, 1988, ruled, *inter alia,* that there did not exist a valid ceremonial marriage between the decedent and Lorenze. We disagree. Where persons live and cohabit as husband and wife, and are reputed to be such, a presumption arises that they have been legally married, and this presumption, especially in a case involving legitimacy, can be rebutted only by the most cogent and satisfactory evidence *(see,* Richardson, Evidence § 64

[Prince 10th ed]). In the oft-cited Court of Appeals decision in *Hynes v McDermott* (91 NY 451, 458), Judge Andrews stated: "The presumption of marriage, from a cohabitation, apparently matrimonial, is one of the strongest presumptions known to the law. *This is especially true in a case involving legitimacy.* The law presumes morality, and not immorality; marriage, and not concubinage; legitimacy, and not bastardy. Where there is enough to create a foundation for the presumption of marriage, it can be repelled only by the most cogent and satisfactory evidence" (emphasis supplied).

In *Gall v Gall* (114 NY 109, 117-118), the Court of Appeals opined that "[w]hile such cohabitation does not constitute marriage, it tends to prove that a marriage has been entered into by the parties" *(see also, Matter of Fischer v Endres Delivery Co.,* 45 AD2d 892; *Matter of Myers v Tuttle,* 278 App Div 543; *see generally,* 9 Wigmore, Evidence § 2505 [Chadbourn rev 1981]). In *Matter of Fischer v Endres Delivery Co. (supra,* at 892) the Appellate Division, Third Department, entered the caveat that while "[l]iving together as husband and wife cannot and does not *create* a marriage * * * cohabitation in such fashion raises a presumption that a marriage exists which challengers to that marriage have the burden of overcoming". A similar observation appears in 1 Foster, Freed and Brandes, Law and the Family New York § 4:3 (2d ed) that "[c]onsidering contemporary lifestyles and household arrangements * * *. Greater care should be exercised in [applying the presumption] and when used it should be to reach a just and equitable result or to prevent an injustice."

In the case at bar, the evidence showed that Daniel J. Lowney, Sr., and Lorenze Lowney cohabited for 59 years. They purchased property as husband and wife and in every respect, together with the children, Daniel, Jr., and John, comported themselves as a family. There was also evidence that Daniel, Jr., treated his father and Lorenze to the fiftieth wedding anniversary party attended by the petitioners. In these circumstances, the quantity and quality of conjugal life shared by the decedent and Lorenze was substantial. The only evidence adduced to dispel the presumption was the testimony of Lorenze's 89-year-old sister, who stated that Lorenze had never told her about the wedding. This evidence does not suffice to rebut the presumption, because it is not "strong, distinct, satisfactory, and conclusive" (1 Foster, Freed and Brandes, Law and the Family New York § 4:17 [2d ed]). In view of our decision, the presumption of legitimacy arises with respect to John *(see, Matter of Findlay,* 253 NY 1). The

evidence adduced by the petitioners does not suffice to rebut this second presumption for neither "common sense [nor] reason [is] outraged by a holding that it abides" *(Matter of Findlay,* 253 NY 1, 8, *supra).*

In view of our decision, we do not reach the other contentions of either the petitioners or the cross petitioners. Thompson, J. P., Lawrence, Balletta and Rosenblatt, JJ., concur.