OPINION OF THE COURT
Joseph Covello, J.
In this matrimonial action the defendant, Jacques Amsellem, moves for an order pursuant to CPLR 3211 to dismiss the above-captioned action as he alleges that this Court lacks subject matter jurisdiction and for such other and further relief *28 as to this Court may be deemed just and proper in the premises. The plaintiff, Sofia Amsellem, also known as Sofia Cohen, opposes the motion.
The parties were married in an Orthodox Jewish religious ceremony performed by Rabbi Elie Elbaz on November 6, 1991 in France. Rabbi Elie Elbaz, a local New York rabbi, was flown by the parties to France to perform their marriage ceremony. Since that marriage ceremony was performed the parties have resided in New York as husband and wife up until the commencement of this action. The parties have had five children together. Their children, Rachel Amsellem, bom on December 26, 1992, Mazal-Tov Stephanie Amsellem, born on June 22, 1994, Annelle Esther Amsellem, born on September 27, 1995, Shlomo Salomon Amsellem, born on October 15, 1997 and Eliyahou Eli Yah Amsellem, born on August 15, 1999, were all born in New York.
The defendant asserts that this Court lacks subject matter jurisdiction over the matrimonial action because the parties were not legally married in accordance with French law. The defendant alleges that pursuant to French law the parties’ marriage was not properly executed and is void because only a religious marriage ceremony was conducted without the required civil ceremony being conducted.
In support of his motion the defendant submitted the following documents: (1) a communication from the Beth Din of Paris, France, in French with an English translation in which the private secretary to the Grand Rabbi of Paris certified that a marriage can be performed in a Paris synagogue, only by a rabbi recognized by the Consistory of Paris; (2) a declaration regarding Civil and Religious Marriages by Robert Elmaleh, Attorney of Law, Paris, France, dated April 12, 2001 and a copy of the French law (18 Germinal Year XI [Apr. 8, 1803]) (in French with the English translation) regarding the performance of marriages. Those documents set forth that in France a civil marriage is to be performed prior to any religious marriage and that a religious minister who performs a religious ceremony prior to a civil marriage would be penalized under article 433-21 of the New Penal Code. The notice from the Marriage Office of the Jewish Consistory of Paris, France, sets forth that a civil marriage must take place before a religious ceremony and cannot be performed on a Saturday or a religious holiday and that a ritual bath is obligatory for future brides.
Plaintiff in her affirmation in opposition states that “when it serves the defendant’s interest so as to avoid the implications *29 of equitable distribution, he now claims that there was no valid marriage.” The plaintiff also asserts that the parties’ marriage is valid because: (1) the marriage between the parties is in compliance with New York’s Domestic Relations Law; (2) the parties have resided in New York for almost 10 years as husband and wife; (3) the parties have had five children together; (4) the parties have filed joint Federal and State tax returns; (5) the defendant provided a family plan of medical insurance for the plaintiff and the parties’ children through April 30, 2001; and (6) the defendant has held himself out to various governmental, quasi-govemmental and nongovernmental agencies as being married.
The defendant is correct in his contention that this Court cannot dissolve a marriage that does not exist. However, the defendant has failed to overcome the strong presumption of marriage. “Where persons live and cohabit as husband and wife, and are reputed to be such, a presumption arises that they have been legally married, and this presumption, especially in a case involving legitimacy, can be rebutted only by the most cogent and satisfactory evidence” (Matter of Lowney, 152 AD2d 574, 575 [2d Dept 1989]). That court quoted Judge Andrews from the often-cited case of Hynes v McDermott (91 NY 451 [1883]) wherein he stated, “The presumption of marriage, from a cohabitation, apparently matrimonial, is one of the strongest presumptions known to the law. This is especially true in a case involving legitimacy. The law presumes morality, and not immorality; marriage, and not concubinage; legitimacy, and not bastardy. Where there is enough to create a foundation for the presumption of marriage, it can be repelled only by the most cogent and satisfactory evidence” (Lowney, supra at 576, quoting Hynes, supra at 458).
In a recent decision, Persad v Balram (187 Misc 2d 711 [Sup Ct, Queens County 2001]), Justice Darrell L. Gavrin held that the parties who participated in a Hindu marriage or Prayer ceremony at the home of one of the parties’ family in Brooklyn, New York, was valid even though the parties failed to obtain a valid marriage license.
In the instant action the parties participated in a religious marriage ceremony, had five children together, lived together as husband and wife for almost 10 years and filed joint tax returns. Moreover, if the parties’ marriage was declared null and void it would result in their five infant children also being declared illegitimate. The facts as presented create a strong presumption that the parties’ marriage is valid. (See, id.; see *30 also Apelbaum v Apelbaum, 7 AD2d 911 [2d Dept 1959]; Helfond v Helfond, 53 Misc 2d 974 [Sup Ct, Nassau County 1967].)
The defendant has failed to provide any documentation or facts sufficient to overcome the strong presumption that the parties are married. The documentation that defendant has provided, and relies on, merely establishes that under French law (18 Germinal Year XI [Apr. 8, 1803]) penalties would be assessed against a religious minister who performs a religious marriage ceremony prior to a civil ceremony. The statutory language provided by the defendant does not set forth that a marriage in France would be deemed null and void when only a religious ceremony was performed.
In a similar case, Springer v Springer (189 Misc 820, 822 [Sup Ct, Kings County 1947]), the plaintiff commenced an action to establish the marital status of the parties where the parties were married in a religious ceremony in Canada without obtaining a marriage license. The Springer court concluded that there was nothing contained in the controlling statute, chapter 213 of the Revised Statutes of Alberta, 1922, known as “The Marriage Act,” “either expressly or by fair implication, from which may be drawn the conclusion that a marriage shall be null and void unless the requisite license is obtained. The only penalty attaching to noncompliance is the imposition of a fine against the one officiating the ceremony.” (Springer v Springer, 189 Misc 820, 822 [Sup Ct, Kings County 1947].) In reliance on Davidson v Ream (97 Misc 89, 105-106, affd 178 App Div 362), the Springer court stated that “It is uniformly held in those states in which a license is required that a marriage celebrated without a license, although the persons officiating or the parties may be punished criminally, is valid unless the statute contains the mandatory provisions that the marriage shall be void.” (Springer, supra at 822-823, quoting Davidson, supra at 105-106.)
In this case, as in Springer (supra), the foreign law relied upon does not establish that a marriage is null and void, but rather that a penalty can be assessed against the person who officiates over the ceremony when it is not conducted in full compliance with the laws of that country.
Furthermore, the interpretation of French law is an issue of fact that can be resolved at trial. “The existence and contents of a foreign law become a triable issue of fact when their contents are not set forth in detail, where their existence is disputed or where the accuracy of the translation of the same is raised.” (Matter of Jenkins, 133 Misc 2d 420, 422 [Sup Ct, *31 Queens County 1986]; see, Werfel v Zivnostenska Banka, 287 NY 91; Bercholz v Guaranty Trust Co., 179 Misc 778; Rosman v Trans World Airlines, 34 NY2d 385.) In this case the provisions of French law provided by the moving defendant do not set forth expressly, or by fair implication, that a marriage performed in France is null and void when only a religious marriage ceremony was conducted.
The defendant’s motion to dismiss the case for lack of subject matter jurisdiction, based upon his assertion that the parties’ marriage is null and void according to French law, is without merit. The defendant has failed to provide any legal authority to support his position that according to French law the parties’ marriage would be null and void or to overcome the strong presumption favoring marriage. Moreover, this Court has subject matter jurisdiction to not only dissolve a marriage but also to declare a marriage null and void.
In addition, even if the parties’ marriage were deemed null and void, this Court would nevertheless have subject matter jurisdiction over the ancillary issues which include custody and visitation of the parties’ children, support, distribution of the parties’ joint assets, etc.
Accordingly, it is hereby ordered that the husband’s motion to dismiss pursuant to CPLR 3211 for lack of subject matter jurisdiction is denied in its entirety.