Spalter v Spalter (2025 NY Slip Op 00178)

Spalter v Spalter

2025 NY Slip Op 00178

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 365030/23 Appeal No. 1577 Case No. 2023-03602 

[*1]Laurie Wieder Spalter, Plaintiff-Respondent,
v
Michael Spalter, Defendant-Appellant.

Jeffrey S. Schecter & Associates, P.C., Garden City (Bryce R. Levine of counsel), for appellant.
Cohen Clair Lans Greifer & Simpson LLP, New York (Jad Greifer of counsel), for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered June 23, 2023, which denied defendant's CPLR 3211 and Domestic Relations Law § 10 motion to dismiss this divorce action and granted plaintiff's cross-motion declaring the parties' marriage valid, unanimously affirmed, without costs.
The parties took part in a religious wedding ceremony officiated by a rabbi under a chuppah, with 29 guests and featuring traditional Jewish rites and blessings. They obtained a ketubah [Jewish wedding contract] which was signed by two witnesses, signed a separate document that stated they were entering into a "marriage that is binding under Jewish law" but not "legally recognized" under New York law and signed an arbitration agreement referring to them as "husband-to-be" and "wife-to-be," in which they authorized the Beth Din to preside over marital disputes. However, they never obtained a civil marriage license, and according to defendant, held themselves out as single, lived separate lives and only entered into the religious marriage to facilitate their children's acceptance into day schools and the family into synagogues. At the time of the ceremony the parties had two children together, and now have four, three of which are children with special needs.
The motion court properly determined that the parties' marriage is valid (see Domestic Relations Law §§ 10, 12, 25), as defendant failed to overcome New York's "strong presumption favoring the validity of . . . marriage" (Matter of McDonald, 276 AD2d 631, 632 [2d Dept 2000]; see also Fisher v Fisher, 250 NY 313, 316-317 [1929]). This strong presumption of the validity of marriage is even greater where, as here, the legitimacy of children is concerned (see Amsellem v Amsellem, 189 Misc 2d 27, 29 [Sup Ct, Nassau County 2001], citing Hynes v McDermott, 91 NY 451 [1883]).
Domestic Relations Law § 12, provides, as relevant, that "[n]o particular form or ceremony is required when a marriage is solemnized as herein provided by a clergyman" if the parties "solemnly declare" in the "presence" of a clergyman and at least one other witness that "they take each other as spouses." Although Domestic Relations Law § 13 requires all persons intending to be married in New York to obtain a marriage license, § 25 provides that "[n]othing in [Domestic Relations Law article 3] shall be construed to render void by reason of a failure to procure a marriage license any marriage solemnized between persons of full age" (see e.g. Jayaram v Jayaram, 205 AD3d 612, 612-613 [1st Dept 2022]; see also Mackoff v Bleumke-Mackoff, 222 AD3d 67, 71-73 [2d Dept 2023]; Yusupov v Baraev, 197 AD3d 538, 539 [2d Dept 2021]; Matter of Whitney, 2007 WL 7730374 [Sur Ct, NY County 2007]; Persad v Belram, 187 Misc 2d 711, 716 [Sup Ct, Queens County 2001]). As the parties' marriage was solemnized by a rabbi with witnesses in a traditional Jewish ceremony, their failure to obtain a marriage license does not invalidate the marriage (cf. Devorah [*2]H. v Steven S., 49 Misc 3d 630 [Sup Ct, NY County 2015]).
That the parties may not have intended to have their marriage legally recognized under New York law is not dispositive because "while marriage is a contract between two consenting individuals, it is a special status governed by laws and the State and not determined by those entering the contract" (S.F. v J.S., 80 Misc 3d 1218[A], 2023 NY Slip Op 51033[U], *4 [Sup Ct, NY County 2023]; see also Alan D. Scheinkman, Prac Commentaries, McKinney's Cons Laws of NY, Domestic Relations Law § 10 ["marriage is more than a mere contract; once the contract of marriage is executed, a relationship is created between the parties which is regulated by law"]).
Although Domestic Relations Law § 10 clearly requires that both parties consent to the marriage, that requirement was met here. The record shows that, while the parties signed a document that stated that their marriage was not "legally recognized" under New York law, the parties consented to the marriage, especially in light of their acknowledgment in that same document that they were "entering into a marriage that is binding under Jewish law."
Even though defendant claims that plaintiff has listed herself as unmarried in her tax returns, this does not prevent her from arguing that the parties were married. The proposition that "a party to litigation may not take a position contrary to a position taken in an income tax return" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]), does not apply to the question of marital status, which is a mixed question of law and fact (see S.F. v J.S., 80 Misc 3d 1218[A], *9; Matter of Truong Dinh Tran, 2014 NY Slip Op 31338[U] [Sur Ct, NY County 2014], affd 126 AD3d 544 [1st Dept 2015]; see also Persad v Balram, 187 Misc 2d at 717).
We have considered defendant's remaining arguments and find them unavailing.
The Decision and Order of this Court entered herein on February 1, 2024 is hereby recalled and vacated (see M-2024-05466 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025